■ NICOLA S. BRUSCO, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent.— Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered January 23, 1991, which denied the petition and dismissed the proceeding brought to annul a determination that the petitioner reimburse his tenant $10,030.74, including treble damages, based on a finding that petitioner-landlord's overcharge of rent was willful, unanimously affirmed, without costs.

The petitioner owns a building located at 111 West 74th Street and commenced this CPLR article 78 proceeding arguing that the rent overcharge determination constituted a taking of his property in violation of the Fifth Amendment to the US Constitution. The IAS court dismissed the article 78 petition holding that the imposition of the rate ceiling on vacant stabilized apartments does not constitute a taking of property.

The State may restrict the use of property, which may affect the return thereon, provided the regulation advances a legitimate public purpose. *(Matter of Golden v Planning Bd.,* 30 NY2d 359.) The Emergency Tenant Protection Act of 1974 advances a legitimate State interest. Rent overcharge orders do not violate the Federal Constitution *(see, Brusco v New York State Div. of Hous. & Community Renewal,* 170 AD2d 184). Concur—Sullivan, J. P., Carro, Ross, Asch and Smith, JJ.