■ Nicholas E. Brusco, Appellant, v New York State Division of Housing and Community Renewal, Respondent. —Order, Supreme Court, New York County (Helen Freedman, J.) entered September 29, 1989, which dismissed the landlord's petition seeking review of a determination of the New York State Division of Housing and Community Renewal which established the lawful stabilized rent for the subject housing unit and directed petitioner to refund rent overcharges to the tenant, unanimously affirmed, without costs.

The tenant in apartment 1B at 118 West 69th Street, New York, New York, filed a rent overcharge complaint on February 15, 1984. The petitioner, who is the landlord of those premises, failed to submit a complete rent history as he was requested. The District Rent Administrator issued an order on August 12, 1986 finding the owner in default, setting the rent at $564.75 as of August 1984 and finding an overcharge, including interest and excess security, of $5,810.03. When

petitioner filed a petition for administrative review (PAR), he stated that he was unable to produce leases prior to 1980, the year he purchased the building. The Deputy Commissioner denied the PAR.

Effective April 1, 1984, the Rent Stabilization Code required landlords to keep rent records for an apartment for four years. The law in effect on April 1, 1984 (old law) required the landlord to maintain a complete rent history. Although New York State Division of Housing and Community Renewal's order was issued after April 1, 1984, the overcharge complaint was filed previously thereto. As this court held in *Matter of Lavanant v State Div. of Hous. & Community Renewal* (148 AD2d 185), the "old law" is to be applied.

Petitioner's argument that the respondent has not complied with his request under the Freedom of Information Law to obtain prior rent records was first made after the PAR was denied. In the course of judicial review, the court may not consider arguments or evidence not contained in the administrative record. *(Matter of Rozmae Realty v State Div. of Hous. & Community Renewal,* 160 AD2d 343, *lv denied* 76 NY2d 712.) We therefore find that the administrative agency's determination was supported by a rational basis.

Furthermore, petitioner has failed to rebut the presumption of constitutionality of the Rent Stabilization Code by proof beyond a reasonable doubt as it relates to the imposition of a rent ceiling on vacant units. *(See, Hotel Dorset Co. v Trust for Cultural Resources,* 46 NY2d 358, 370.) Concur—Murphy, P. J., Milonas, Ross, Asch and Rubin, JJ.