■ In the Matter of the ESTATE OF SOL GOLDMAN, Deceased, Respondent-Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant-Respondent, and ROBERT STROMBERG, Intervenor-Respondent. [706 NYS2d 381] —Order, Supreme Court, New York County (Emily Goodman, J.), entered February 2, 1999, which denied the cross motion of New York State Division of Housing and Community Renewal (DHCR) for remittitur, and granted intervenor-respondent tenant Robert Stromberg's motion for dismissal of the CPLR article 78 petition by which petitioner-appellant landlord, Estate of Sol Goldman, sought to challenge a determination of DHCR dated August 3, 1998, denying the owner's petition for administrative review of an order granting the tenant's Fair Market Rent Appeal (FMRA) and awarding the tenant $46,982.83, unanimously reversed, on the law, without costs, the motion for remittitur granted, motion to dismiss the petition denied, and the matter remanded to DHCR for further proceedings on the merits.

The Rent Regulation Reform Act of 1997 ([RRRA] L 1997, ch 116), in relevant part, provided for amendment of the Administrative Code of City of New York § 26-516 (a) and (b). Both subdivisions now provide that, where the amount of rent set forth in an annual rent registration statement filed four years prior to the most recent registration statement is not challenged within four years of its filing, neither such rent nor service of any registration shall be subject to challenge at any time thereafter. This amendment applied to any action or administrative appeal pending before any forum on June 7, 1997 (see, L 1997, ch 116, § 33; Zafra v Pilkes, 245 AD2d 218, 219).

The motion court erroneously concluded that the agency is barred by its own delay from reconsidering this FMRA, which was pending on June 7, 1997, under the post-RRRA standard. Administrative delay will not defeat the agency, absent a showing that the delay was willful or a result of negligence (see, e.g., Matter of Fichera v New York State Div. of Hous. & Community Renewal, 233 AD2d 107, 108; see also, Matter of Jahn v Division of Hous. & Community Renewal, 140 AD2d 193, 194). The tenant makes no attempt to show that the delay herein was the result of negligence or willful conduct on the agency's part, and, despite the delay, the current law should govern (see,

*Matter of Reichman v New York City Conciliation & Appeals Bd.*, 117 AD2d 517, 519). The RRRA clearly specified that its terms were to take effect immediately and were to apply to any pending proceeding. As such, the proceeding must be remanded to DHCR for consideration on the merits. Concur—Nardelli, J. P., Williams, Mazzarelli, Wallach and Lerner, JJ.