■ In the Matter of ANNE GILMAN, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, et al., Respondent. [736 NYS2d 309] —Order and judgment (one paper), Supreme Court, New York County (Michael Stallman, J.), entered July 17, 2000, which granted the petition in this CPLR article 78 proceeding, vacated a determination of

the Deputy Commissioner of respondent Division of Housing and Community Renewal (DHCR) dated December 16, 1999, which had modified its Rent Administrator's finding of excess rent and instead ruled in respondent landlord's favor on the basis of comparability data previously precluded as unqualified, and remanded the matter to DHCR for reconsideration, reversed, on the law, without costs, the petition denied, and the Deputy Commissioner's determination reinstated and confirmed.

Petitioner moved into a recently decontrolled apartment on Manhattan's Upper West Side in May 1990, at the newly stabilized rate of $2,075 per month. On notice of her right to challenge this initially stabilized rent, petitioner filed a fair market rent appeal (FMRA) with DHCR in June of that year. The agency failed to notify the landlord of this complaint until May 1992. At this point, the landlord, noting that the rent had already been adjusted downward to $1,900 in May 1991, requested a FMRA "answering package" and sought an extension of time to permit it to demonstrate justification for the initial stabilized rent based upon rent charged for comparable apartments nearby. After further delay of 21 months, petitioner brought an article 78 proceeding to hasten a determination of her fair market rent. That proceeding was resolved in May 1994 by a stipulated order that DHCR issue its ruling by July of that year. One result of that order was that DHCR finally sent the landlord the FMRA answering package with comparability forms. The landlord thereupon requested a six-month extension to compile its data, but was ultimately granted only an additional 3½ months. Before the landlord could submit the data, the Rent Administrator issued an order, on July 22, 1994, establishing the fair market rent at $1,011.12 per month, and ruling that the landlord owed petitioner excess rent of $50,115.40 for the period since May 1990. The landlord immediately filed a petition for administrative review (PAR), citing the agency's failure to consider recently submitted evidence of expenditures for maintenance and improvements, and its refusal to grant adequate time for the submission of comparability data. Petitioner answered the PAR, but again the agency delayed in resolving this matter.

Two and one-half years later, the Rent Regulation Reform Act (RRRA) of 1997 took effect, limiting examination of rental history on overcharge complaints to the four years preceding the filing of the complaint (see, Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a]). In June 1999, DHCR finally offered the landlord the opportunity to submit

comparability data, pursuant to the guidelines of the 1997 enactment. Within three weeks, the landlord submitted the data; petitioner contested the comparability of the data, and argued that its submission was far too late. On December 16, 1999, the Deputy Commissioner finally ruled on the PAR, partially granting it based on some of the comparables and some of the documented improvement expenditures. The net result was that the Rent Administrator's award was wiped out and the initial stabilized rent as of May 1, 1990 was established at $1,754.64.

Petitioner thereupon commenced the instant article 78 proceeding, challenging the Deputy Commissioner's acceptance of the landlord's comparability data on the grounds of lateness and qualification. The IAS court granted the petition and rescinded the Deputy Commissioner's ruling, citing "the extreme nature of the delay which resulted in gross and unfair prejudice to petitioner" and concluding that "DHCR was negligent" in handling this matter in such a protracted manner.

Prevailing rental rates in comparable accommodations constitute one of the key considerations in determining fair market rent. The evaluation process depends, in large measure, on the landlord supplying that data. The IAS court acknowledged that the landlord had a right to submit this data in conjunction with the guidelines of the RRRA of 1997, but erroneously concluded that DHCR was ousted of jurisdiction because of administrative delay. Such a conclusion could only be based upon a showing that delay resulted from negligence or willful conduct on the agency's part (*Matter of Schutt v New York State Div. of Hous. & Community Renewal*, 278 AD2d 58, *lv denied* 96 NY2d 715; *Matter of Estate of Goldman v New York State Div. of Hous. & Community Renewal*, 270 AD2d 169; *Matter of Lavalle v Scruggs-Leftwich*, 133 AD2d 313, 316). This record does not support any finding of neglect.

A party complaining of delay must demonstrate substantial and actual prejudice by reason of the delay. Prejudice is not presumed by the mere passage of time, nor by the prospect that petitioner may end up indebted to her landlord (*see, One Three Eight Seven Assoc. v Commissioner of Div. of Hous. & Community Renewal*, 269 AD2d 296).

We further note that any delay here was attributable solely to the administrative agency, for which a "heavy caseload" (*Matter of Jahn v Division of Hous. & Community Renewal*, 140 AD2d 193, 194) and "lack of resources" (*see, Matter of Harris & Assoc. v deLeon*, 84 NY2d 698, 704, citing *Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 181, *cert*

*denied* 476 US 1115) can be considered as competent explanations. On the other hand, respondent landlord, the real party in interest here, was diligent in moving this proceeding along at every stage. It timely requested the forms to be able to answer the complaint and submit comparables, and it did submit those comparables and evidence of financial outlay for improvements in a timely fashion. (*Cf., Matter of Mahoney v New York State Div. of Hous. & Community Renewal*, 283 AD2d 329, 330 [involving an "inordinate and highly prejudicial" 14-year delay, portions of which were attributable to the landlord].)

The advent and impact of new legislation during the pendency of administrative consideration was fortuitous, and not the result of deliberate conduct by any party to this litigation. On this record, the court should not have substituted its judgment for a rationally based administrative determination (*Matter of Colton v Berman*, 21 NY2d 322; *Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd.*, 112 AD2d 72, 76, *affd* 66 NY2d 1032). Concur—Sullivan, Wallach and Friedman, JJ.

Mazzarelli, J.P., and Rubin, J., dissent in a memorandum by Rubin, J., as follows: At issue on this appeal is whether a landlord should be permitted to cure its default in submitting evidence to an administrative agency by offering the material for the first time on administrative appeal. Appellant agency has identified no statutory or regulatory provision that would condone its receipt of new evidence nearly five full years after issuance of the determination appealed from.

Appellant, Division of Housing and Community Renewal (DHCR), instead of passing on the validity of the initial determination made by the District Rent Administrator, improperly made a de novo determination upon the merits of respondent tenant's original petition based on newly submitted evidence. Consideration of this evidence, belatedly solicited by the Commissioner for the first time on administrative appeal, is without justification and, thus, the Commissioner's ruling offends both well-settled principles of procedural due process as well as the procedural rules governing the operation of appellant DHCR.

There would seem to be little question that basing the determination on evidence that was not before the District Rent Administrator resulted in substantial prejudice to the tenant. The administrative order issued in July 1994 determined that she was entitled to a refund of excess rent in the amount of $50,115.40. The order deciding the administrative appeal, ultimately issued by respondent agency in December 1999, determined that the tenant owed the landlord rent arrears totaling almost $47,000, hardly an insignificant difference.

The underlying administrative proceeding was commenced in June 1990, challenging the amount of the initial stabilized rent established for respondent tenant's apartment by Marsid Realty Company, the landlord, which is not a party to this appeal. No ruling by DHCR was forthcoming until July 22, 1994, when the District Rent Administrator issued the initial determination in settlement of a CPLR article 78 proceeding, commenced by the tenant in March 1994, to compel the agency to decide her Fair Market Rent Appeal. While the matter was originally misconstrued by DHCR as a rent overcharge proceeding, the tenant's mandamus petition prompted DHCR to send the landlord notice and forms to expedite the submission of data in connection with the Fair Market Rent Appeal. Therefore, DHCR cannot contend that the landlord was unaware of the true nature of the administrative proceeding as of April 1994, when Marsid Realty received this material. It is undisputed that the landlord failed to take advantage of the opportunity to submit evidence of the rent charged for comparable apartments for consideration by the District Rent Administrator. The landlord's Petition for Administrative Review (PAR), submitted in August 1994, failed to state any reason why the necessary data was not supplied to the agency in a timely manner; nor did the landlord avail itself of this second opportunity to submit comparability data by including it with its petition seeking review by the Commissioner.

Unlike a recent purchaser that must attempt to obtain rent records from a prior owner, the landlord had owned the subject building for some time, and the requisite information was contained in its own files. Even on this appeal, DHCR makes no attempt to justify the Commissioner's consideration of new evidence, received in June 1999, that had not been available to the District Rent Administrator in making the original administrative determination some five years earlier.

Where information submitted in connection with a PAR is not shown to have been previously unobtainable, it cannot be the basis for vacating the initial determination. Pursuant to section 2529.6 of the Rent Stabilization Code ([RSC] 9 NYCRR 2529.6), review is "limited to facts or evidence before a rent administrator as raised in the petition. Where the petitioner submits with the petition certain facts or evidence which he or she establishes could not reasonably have been offered or included in the proceeding prior to the issuance of the order being appealed, the proceeding may be remanded for redetermination to the rent administrator to consider such facts or evidence." New evidence may not be considered unless the

party bringing the petition seeking administrative review: (1) submits it "with the petition" and (2) affirmatively establishes that the evidence was unavailable at the time the original determination was made (*Matter of Levine v New York State Div. of Hous. & Community Renewal*, 243 AD2d 373; *Matter of Birdoff & Co. v New York State Div. of Hous. & Community Renewal*, 204 AD2d 630, 631; *Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal*, 171 AD2d 572, 575, *lv denied* 78 NY2d 861). As we have noted, a court entertaining a proceeding pursuant to CPLR article 78 is subject to a similar constraint: "Judicial review of the propriety of an administrative determination is limited to those grounds invoked by the agency in its determination (*Matter of Montauk Improvement v Proccacino*, 41 NY2d 913; *see also, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758-759), and 'the court may not consider arguments or evidence not contained in the administrative record' (*Brusco v New York State Div. of Hous. & Community Renewal*, 170 AD2d 184, 185, *appeal dismissed* 77 NY2d 939, citing *Matter of Rozmae Realty v State Div. of Hous. & Community Renewal*, 160 AD2d 343, *lv denied* 76 NY2d 712; *Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756, 757, *affd* 58 NY2d 952)." (*Matter of 72A Realty Assoc. v New York City Envtl. Control Bd.*, 275 AD2d 284, 286.) Appellant DHCR fails to offer any justification for its solicitation, nearly five years hence, of evidence that was apparently available at the time the original Fair Market Rent Appeal was heard. Moreover, the landlord, concededly the real party in interest, has never offered any excuse, much less an adequate excuse, for its failure to submit this evidence (*Pledge v New York State Div. of Hous. & Community Renewal*, 257 AD2d 391, *affd* 94 NY2d 851). The agency has therefore placed itself in the unfortunate position of advocating before this Court on behalf of the landlord in support of the grant of relief from the landlord's default.

DHCR attempts to excuse its departure from the rules governing administrative appeals by invoking the provisions of the Rent Regulation Reform Act of 1997 (L 1997, ch 116). It intimates, disingenuously, that because the statute limits consideration of comparability data to the four years prior to the date of the tenant's complaint challenging the amount of rent established, the Commissioner was therefore authorized to provide "the Owner an opportunity, not available before, to submit comparability data, even on administrative review, which would have to pass muster only under the four-year rule."

The effect of the statutory amendment is that once four years

have passed after the filing of a rent registration statement without challenge to the rent provided in that statement, "neither such rent nor service of any registration shall be subject to challenge at any time thereafter" (L 1997, ch 116, § 33; *Matter of Muller v New York State Div. of Hous. & Community Renewal*, 263 AD2d 296, 303, *lv denied* 95 NY2d 763). However, the statute of limitations to be applied to the rental history of the subject apartment and comparable units was never at issue in these proceedings. Appellant was spared the exercise of deciding the appropriate time period to apply by the landlord's failure to submit any rent data to which it might be applicable.

DHCR points to nothing in the statute that would permit a landlord to cure a default by submitting evidence for the first time on an administrative appeal. Were the statute to contain such a provision, this Court would have to consider the due process implications, particularly the obvious inconsistency with RSC (9 NYCRR) § 2529.6, which addresses this particular contingency. Significantly, the Legislature has not seen fit to amend the controlling regulation, which is expressly applicable to the admission of evidence and which therefore prevails over the provision amended by the Rent Regulation Reform Act, which has, at best, only general application (*e.g., People v Mobil Oil Corp.*, 48 NY2d 192, 200 ["a general provision of a statute applies only where a particular provision does not"]; *Matter of Prospect v Cohalan*, 109 AD2d 210, 216, *affd* 65 NY2d 867 ["specific provisions of the statute must prevail over the general provisions"]; *see,* McKinney's Cons Laws of NY, Book 1, Statutes § 238). It bears emphasis that this is not a situation in which the agency proposed to simply apply a different law to the facts of record (*see, Matter of Estate of Goldman v New York State Div. of Hous. & Community Renewal*, 270 AD2d 169); rather it is a case in which the agency solicited altogether novel factual data upon which it based a de novo determination, the receipt of which it attempts to excuse by invoking an irrelevant statutory amendment.

For reasons unknown, the landlord avoided submitting contemporaneous rent records for apartments comparable to the unit occupied by the tenant. The tenant contends, and appellant does not deny, that the data eventually submitted to the Commissioner in 1999 consisted of apartments "which, between 1986-1990, had been vacated by the prior rent-controlled tenant and which had been initially registered with the agency as a stabilized apartment unit, i.e., no more than four years prior to Ms. Gilman's application and one year after it, as provided in the regulation" (*see,* RSC [9 NYCRR] § 2522.3 [e]).

Thus, this is the same evidence that should have been submitted to the District Rent Administrator for inclusion in the administrative record in 1994.

The mysterious solicitation of evidence in a matter that has apparently been decided, abandoned or otherwise resolved by the Division of Housing and Community Renewal is disturbing but not without precedent (*see, Matter of Raynes Assoc. Ltd. Partnership v State Div. of Hous. & Community Renewal*, 142 Misc 2d 90, 92-93 [Rubin, J.]). Nor is this the first time that a court has pointed out the economic harm that accrues when administrative delay operates to the particular prejudice of one of the parties (*see, Matter of Mahoney v New York State Div. of Hous. & Community Renewal*, 283 AD2d 329; *Matter of Bloom v Division of Hous. & Community Renewal*, 138 Misc 2d 523, 529 [Rubin, J.]). In the context of the instant appeal, it is the landlord that defaulted and the tenant that sought timely resolution of the proceedings by her resort to the extraordinary remedy of mandamus. As a matter of equity, the landlord should not benefit from its default. As a matter of law, appellant has simply not explained why a determination made upon the facts of record in 1994 should be subject to administrative review based upon anything other than the record before the agency, and this Court should not abrogate well-established rules of administrative review on the insubstantial excuse of administrative expedience.

Accordingly, the order of the Supreme Court, denying the petition, should be affirmed.