OPINION OF THE COURT
Wesley, J.
In this proceeding brought by petitioner tenant to determine the proper initial rent for her rent-stabilized apartment, the Division of Housing and Community Renewal (DHCR) overturned the Rent Administrator’s determination and set a higher initial rent based on data first submitted by the owner on appeal nearly a full decade after the tenant commenced her *147 proceeding. We conclude that at that stage DHCR should not have accepted the owner’s evidence without any showing of good cause.
In 1990, Anne Gilman moved into an apartment previously subject to rent control and exercised her right to seek readjustment of the $2,095 stabilized rent by commencing a fair market rent appeal (FMRA). For no apparent reason, it took two years before DHCR notified the building owner of Gilman’s pending FMRA. Thereafter, the owner requested a FMRA answering package and indicated its intention to file comparability data — proof of rents for similar apartments.
DHCR inexplicably failed to send the forms until Gilman filed a CPLR article 78 mandamus proceeding to compel the agency to resolve her FMRA.[1] Faced with the mandamus proceeding, on April 4, 1994, DHCR provided the owner an answering package with a notice of clarification attached. The notice explained that the owner could submit comparability data for use in determining the apartment’s fair market rent. If the owner failed to submit the data, the Rent Administrator would be required to calculate the fair market rent based solely on a rent guidelines formula (see Matter of Ullman Estates v New York City Conciliation & Appeals Bd., 97 AD2d 296, 298 [1st Dept 1983], affd 62 NY2d 758 [1984]). The notice also explained that when an owner submitted rents from other rental units, they had to be “legal rents.” To establish “legal rents” for comparable rent-stabilized apartments, the owner had to show that notice of the stabilized rent “was served on the first rent stabilized tenant”[2] and that the notice “was not challenged within ninety (90) days of receipt thereof * * *.”[3] Even though DHCR granted the owner an extension of time to *148 gather the proper documentation, the owner submitted no comparability data.
On July 22, 1994, the Rent Administrator issued an order setting the initial legal regulated rent, based solely on the guidelines, at approximately $1,000 per month less than the amount originally charged by the owner. The owner then timely filed a petition for administrative review (PAR) of the Rent Administrator’s decision. The owner objected to DHCR’s refusal to grant more time to obtain the proper documentation, but did not seek to have those documents included in the appellate record. It also never indicated that the documents did not exist. Gilman opposed the PAR and objected to the introduction of any new evidence.
Nothing happened in the PAR proceeding for five years. In June 1999, DHCR notified the owner that as a result of the Rent Regulation Reform Act (RRRA) of 1997, it had a final opportunity to submit comparability data. Within 20 days, the owner submitted a list of rents for several apartments in its building together with the leases for those apartments. DHCR then notified Gilman on July 9, 1999 that the owner had submitted comparability data “in accordance with the Rent Regulation Reform Act of 1997 applicable to all pending cases” and provided her an opportunity to comment. In a pro se submission, Gilman answered the notice and contested the introduction of the new data. She argued that new evidence could not be submitted for the first time at the PAR level and claimed that the “failure to submit rent records previously was inexcusable given that the records were in Landlord’s control at all times. * * * There is no valid excuse for Landlord to have failed to provide this information until seven years after Landlord received the FMRA from the DHCR and five years after the initial determination of the FMRA.”
DHCR’s Deputy Commissioner ruled that the new data “submitted by the owner pursuant to the Rent Regulation Reform Act of 1997 must be reflected in the determination of the fair market rent,” and he calculated a new rent for the apartment based on that data. The newly adjusted rent resulted in Gilman owing the owner over $47,000 for back rent. Gilman commenced this CPLR article 78 proceeding to annul DHCR’s determination, arguing that the RRRA of 1997 did not affect the regulations governing FMRAs or PARs. Supreme Court granted Gilman’s petition, but the Appellate Division reversed with two Justices dissenting.
*149 On appeal, Gilman asserts that DHCR erred when it determined that the RRRA of 1997 affected the proof requirements for comparability data in a FMRA and that the agency was precluded from considering the owner’s comparability data at the PAR level. Because the DHCR regulations require a showing of good cause to introduce new evidence at the PAR level, and no such showing was made in this case, we conclude that DHCR’s determination should be annulled and a new hearing held.
In reviewing an administrative agency determination, we must ascertain whether there is a rational basis for the action in question or whether it is arbitrary and capricious (see e.g. Matter of Nehorayoff v Mills, 95 NY2d 671, 675 [2001]). We conclude that the RRRA of 1997 is applicable to FMRAs. Although the legislation amended that section of the Rent Stabilization Law (§ 26-516) dealing with overcharge complaints, a FMRA is a procedural vehicle for a tenant to claim an overcharge in the initial stabilized rent. Furthermore, the overcharge complaint provisions of the statute do affect “initial legal regulated rents” which tenants seek to readjust in FMRAs (see Rent Stabilization Code § 2522.3; Matter of Muller v New York State Div. of Hous. & Community Renewal, 263 AD2d 296, 302-303 [1st Dept 2000], Iv denied 95 NY2d 763 [2000]). Thus, when reading the statute as a whole, the RRRA of 1997 does apply to FMRAs.
The RRRA clarified and reinforced the four-year statute of limitations in rent overcharge claims and limited “examination of the rental history of the housing accommodation prior to the four-year period preceding the filing of a complaint” (see L 1997, ch 116, § 33). DHCR rationally concluded that the statute also, in effect, eased the legal sufficiency requirements for comparability data by removing the strict proof of notice requirements as a collateral issue in identifying comparables in rent overcharge claims and fair market rent appeals. The legislation was designed to alleviate the burden on owners to retain that paperwork indefinitely. The four-year rule simplified the process (see Governor’s Mem approving L 1997, ch 116, 1997 McKinney’s Session Laws of NY, at 1923 [“A number of regulatory reforms are included in the legislation to simplify the administration of rent laws while protecting the rights of tenants and owners”]).
The Legislature specifically directed that the RRRA of 1997 apply to all cases pending before the DHCR. The agency acted rationally when it informed owners of the new legislation and *150 its effect on comparability data. The new statute, however, said nothing about the wholesale introduction of new evidence at the appellate level.
In this case, DHCR acted irrationally in allowing new comparability data at the PAR level without any showing that this owner could not have earlier provided that information. We agree with the dissenters at the Appellate Division that DHCR’s decision to reopen the record and accept new comparability data at the appellate level was contrary to DHCR’s rules governing PAR proceedings (see Matter of Gilman v New York State Div. of Hous. & Community Renewal, 290 AD2d 280, 283-287 [1st Dept 2002] [Rubin, J., dissenting]).
The acceptance of new evidence on appeal is generally contrary to appellate practice simply because it is unfair to allow a party, on appeal, to rewrite the factual record in the proceeding. Consistent with this principle, when conducting a PAR, DHCR is limited to the facts and evidence before the rent administrator as raised in the petition (see 9 NYCRR 2529.6). New facts can be admitted only in narrow circumstances— where “petitioner submits with the petition certain facts or evidence which he or she establishes could not reasonably have been offered or included in the proceeding prior” (id. [emphasis added]). When the petitioner establishes good cause to consider the new evidence, DHCR may remand the matter for redetermination to allow the rent administrator to consider the new evidence (see id.). This Court also has recognized that similar good cause provisions in the Rent Stabilization Code “permit DHCR to accept late filings for good cause shown at ‘any stage of a proceeding’ — that is, at any point before the Commissioner has entered a final order” (Matter of Dworman v New York State Div. of Hous. & Community Renewal, 94 NY2d 359, 374-375 [1999]; see also Pledge v New York State Div. of Hous. & Community Renewal, 257 AD2d 391 [1st Dept 1999], affd 94 NY2d 851 [1999]).
At oral argument, DHCR argued that the data submitted in 1999 could not have been accepted by the Rent Administrator in 1994, and thus that good cause was established for receipt of the comparables. That argument falls short. Clearly, the data submitted in 1999 would not have been accepted in 1994 because, in 1999, DHCR did not ask for the same documents. The salient point, however — which DHCR concedes — is that it does not know whether the owner had documentation in 1994 necessary to prove that its comparability data was “legally *151 sufficient.” DHCR can only surmise that the owner did not have those documents.[4]
Even though the RRRA of 1997 relaxed the legal sufficiency requirements for comparable rents in FMRA proceedings, it did not repeal the requirements for introducing new evidence at the PAR level. Agencies are required to abide by their own regulations. When Gilman objected to the introduction of the new comparability data, DHCR should have asked the owner to show good cause to justify its receipt (see Matter of Frick v Bahou, 56 NY2d 777, 778 [1982] [“(t)he rules of an administrative agency, duly promulgated, are binding upon the agency as well as upon any other person who might be affected”]). Thus, DHCR acted irrationally in accepting the new comparability data without any showing that the change in the law affected the owner’s ability to provide that data. There is no proof in the record that the owner could not have complied with the older, more stringent requirements. To the contrary, the owner indicated its intention to submit comparability data from the start of the proceeding. As the dissent at the Appellate Division noted
“The tenant contends, and [DHCR] does not deny, that the data eventually submitted to the Commissioner in 1999 consisted of apartments ‘which, between 1986-1990, had been vacated by the prior rent-controlled tenant and which had been initially registered with the agency as a stabilized apartment unit, i.e., no more than four years prior to Ms. Gilman’s application and one year after it, as provided in the regulation’ (see, RSC [9 NYCRR] § 2522.3 [e]). Thus, this is the same evidence that should have been submitted to the District Rent Administrator for inclusion in the administrative record in 1994.” (290 AD2d at 286-287.)
Pursuant to DHCR’s notice to the owner in 1994, the owner could establish comparable rents by showing that when the apartments became rent stabilized a notice was served on the tenant and it went unchallenged for 90 days. That requirement does not seem insurmountable for this long-term owner. Thus, DHCR’s failure to require the owner to show that it could not previously have submitted comparability data can only be viewed as irrational.
*152 In this case, the rules were changed in midstream — a journey that was excruciatingly and unnecessarily long. DHCR’s view of the 1997 statute would impose a $47,000 judgment against Gilman (who has vacated the apartment) in favor of an owner that chose not even to appear in this article 78 proceeding. The new statute cannot rationally be construed to allow the owner in this case to have a second chance at establishing comparable rents without showing that it could not have provided the requisite evidence at the earlier proceeding. DHCR seeks to extend the intended sweep of the RRRA so far as to extinguish the sound policy basis of the good cause requirement for new data at a PAR. Thus, on remand, the agency should require the owner to show good cause prior to reviewing its comparability data.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court with directions to remand to the Division of Housing and Community Renewal for further proceedings in accordance with this opinion.

. The parties resolved that proceeding by stipulating that DHCR would issue a determination within 90 days.

. In 1983, the Legislature overhauled the rent regulatory system; the pertinent changes became effective April 1, 1984 (see L 1983, ch 403). The owner of an apartment subject to rent stabilization was required under the new system to complete and file a rent registration with DHCR that listed the rental rate (see Rent Stabilization Law [Administrative Code of City of NY] § 26-517 [a], [g]). For an owner to use rental units stabilized prior to April 1, 1984 as legal comparables, it had to prove that the registration had been provided to the tenant. For units stabilized after that date, proof of service of notice of the “initial legal regulated rent” was required (see Rent Stabilization Code [9 NYCRR] § 2523.1). This proceeding involves only post-April 1, 1984 comparables.

. If the tenant had timely challenged the notice or registration, the owner was also required to establish that the challenge had been resolved with an order and determination from the Division.

. To be precise, DHCR states in its brief that “it is probable that the Owner did not have the documentation needed to prove the legality of the comparable rents” (respondent’s brief at 49 n 26 [emphasis added]).