■ In the Matter of RONALD LEE et al., Respondents, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Appellants. [754 NYS2d 231] —Order and judgment (one paper), Supreme Court, New York County (Louise Gruner Gans, J.), entered April 10, 2001, which granted the petition and vacated the determination of respondent Division of Housing and Community Renewal's (DHCR) Deputy Commissioner dated March 31, 2000, which had accepted evidence with respect to a comparable apartment at the administrative review level based upon the enactment of the Rent Regulation Reform Act of 1997 and modified the fair market rent set by the Rent Administrator, resulting in a reduction of petitioner tenants' excess rent award, and remanded the matter to DHCR for reconsideration, unanimously affirmed, without costs.

Petitioners, tenants of apartment 9A at 400 East 58th Street, filed a rent overcharge complaint dated October 31, 1987, challenging the $1,250 rent charged for their rent-stabilized dwelling unit that was decontrolled on August 1, 1987. The matter was converted to a fair market rent appeal by respondent Divi-

sion of Housing and Community Renewal when it mailed the landlord an answering package over five years later in January 1993. The landlord did not submit any leases to document the rent charged for comparable apartments. Therefore, in making its original determination dated October 8, 1993, DHCR applied Special Guidelines Order No. 18 to establish a maximum base rent of $860.74 without resort to comparability data (*see Matter of Ullman Estates v New York City Conciliation & Appeals Bd.*, 97 AD2d 296, 299, *affd* 62 NY2d 758).

Some time thereafter, the landlord sought administrative review of the ruling. The petition for administrative review (PAR) is not contained in the record, but was obviously submitted in the last quarter of 1993. The only mention of the tenants' answer is in the landlord's reply, which is dated March 8, 1995. It recites that it "constitutes the owner's Reply to the tenant's [*sic*] December 17, 1993 Answer and as [*sic*] a Supplement to the owner's Petition for Administrative Review (PAR)." It is with the reply that the landlord first submitted comparability data to supplement its PAR, consisting of initial vacancy decontrol leases, registration statements and floor plans for two apartments located in the same neighborhood as the tenants' unit. However, the reply papers were apparently lost and were never considered by the agency. The ensuing DHCR order dated October 16, 1998 denied the landlord's petition for administrative review, stating that "the owner failed to submit any supplement" to its appeal. In a request for reconsideration, the landlord submitted proof of its filing of an answer supplementing the PAR. By order dated December 8, 1998, DHCR reopened the proceedings, offering the tenants 20 days to respond to the landlord's submissions, the latest of which included comparability data for apartment 3A located at 231 East 50th Street. The tenants thereupon filed their own request for reconsideration, complaining that "[t]he Owner has submitted comparables to D.H.C.R. based upon facts which are outside the record and which are twelve (12) years old * * * based upon D.H.C.R.'s discretionary and wrongful interpretation of the *retroactive* effect of the Rent Regulation Reform Act of 1997." By order dated March 31, 2000, the agency issued its final determination, finding the proffered apartment to be comparable to the tenants' unit and acceptable for consideration under the more liberal criteria of the Rent Regulation Reform Act of 1997 (L 1997, ch 116). The final order establishes a fair market rent of $1,230.37 for the tenants' dwelling unit and directs the landlord to refund a total of $963.32 in excess rent to the tenants.

Petitioner tenants then instituted this CPLR article 78

proceeding, charging that "D.H.C.R.'s exclusive utilization of supplementary evidence as part of the administrative record * * * in violation of regulations existing during the pendency of the administrative proceeding was arbitrary, capricious and violative of law." Supreme Court agreed that the use of evidence submitted by the landlord in the course of the PAR was improper and remanded the matter to the agency to issue a determination consistent with its ruling.

Resolution of this matter is governed by the Court of Appeals recent decision in *Matter of Gilman v New York State Div. of Hous. & Community Renewal* (99 NY2d 144, *revg* 290 AD2d 280), which is entirely dispositive of the issues presented. *Gilman* holds that while the Rent Regulation Reform Act of 1997 (L 1997, ch 116) applies to fair market rent appeals (*Matter of Estate of Goldman v New York State Div. of Hous. & Community Renewal*, 270 AD2d 169), "it did not repeal the requirements for introducing new evidence at the PAR level." (*Gilman* at 151.) The record suggests that the new evidence offered by the landlord was not submitted with the petition (Rent Stabilization Code [9 NYCRR] § 2529.6; *Gilman*, 290 AD2d at 284-285). In any event, "DHCR should have asked the owner to show good cause to justify its receipt" (*Gilman* at 151, citing *Matter of Frick v Bahou*, 56 NY2d 777, 778). Concur—Mazzarelli, J.P., Lerner, Rubin, Marlow and Gonzalez, JJ.