Judgment (denominated an order), Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered November 26, 2008, denying the petition and dismissing the CPLR article 78 proceeding, reversed, on the law, without costs, and the petition granted.
Denial of petitioner’s protest of the charges and lien imposed for the emergency repair of a condition on its property was arbitrary and capricious, as the record establishes that petitioner never owned the retaining wall in question, nor the property under it, and had no responsibility to maintain or repair the wall. Respondent Department of Housing Preservation and Development (HPD) may require owners of real property to maintain and repair their property (Administrative Code of City of NY § 27-2125 et seq.). Furthermore, HPD also has the authority to correct a dangerous condition if the property owner fails to do so, and “[a]ll expenses incurred by [HPD] . . . shall constitute a debt recoverable from the owner” (Administrative Code § 27-2128).
The record clearly shows that petitioner was not the owner of the property upon which the wall was located, nor a responsible party. Thus, respondent was without authority to look to *803 petitioner for the cost of repairing the retaining wall located on another’s property.
The dissent’s contention that petitioner, “having failed to assert the ownership issue before HPD . . . may not advance it for the first time before the court,” is error for several reasons. First, it was incumbent upon HPD to establish ownership of the offending wall, and the record before the Department of Buildings demonstrated that petitioner did not own the wall. Secondly, HPD’s jurisdiction to levy against petitioner’s property is strictly circumscribed by statute as described above. Lastly, HPD’s decision to levy against petitioner for a dangerous condition on property petitioner did not own is prima facie irrational and cannot serve as a basis for its final determination. Concur—Gonzalez, EJ., Sweeny, Catterson and Abdus-Salaam, JJ.
Tom, J., dissents in a memorandum as follows: In 2001, New York City Department of Housing Preservation and Development (HPD) undertook repairs to a retaining wall and billed the cost to petitioner’s predecessor, Bronx Real Estate Services. The company protested the charges in December 2001, and HPD ultimately denied the protest in April 2005. The cost of repair was entered as a lien against the property under Administrative Code of the City of New York § 27-2144 (see Rosenbaum v City of New York, 96 NY2d 468, 473 [2001]). In the interim, the property was transferred to petitioner, which has the same principal as its predecessor. In the ensuing CPLR article 78 proceeding, Supreme Court rejected the contention contained in the affidavit of petitioner’s principal that the retaining wall is not located on its property.
Supreme Court properly ruled that, having failed to assert the ownership issue before HPD, petitioner may not advance it for the first time before the court (see Matter of Yarbough v Franco, 95 NY2d 342, 347 [2000]). In conducting a review under CPLR article 78, “the court may not consider arguments or evidence not contained in the administrative record” (Brusco v New York State Div. ofHous. & Community Renewal, 170 AD2d 184, 185 [1991], appeal dismissed 77 NY2d 939 [1991], cert denied 502 US 857 [1991]).
The determination of the Environmental Control Board (ECB) that the subject retaining wall was not on petitioner’s property was properly accorded no consideration by Supreme Court since petitioner did not supply the purported supporting evidence (consisting of its principal’s affidavit) until late May 2005, after the challenged administrative proceeding was concluded by issuance of a final determination dated April 15, 2005. As noted, *804 “judicial review of administrative determinations is confined to the ‘facts and record adduced before the agency’ ” (Matter of Yarbough, 95 NY2d at 347, quoting Matter of Fanelli v New York City Conciliation & Appeals Bd., 90 AD2d 756, 757 [1982], affd for reasons stated below 58 NY2d 952 [1983]). The rule advances sound judicial policies, among which is that a contrary rule “would deprive the administrative agency of the opportunity to prepare a record reflective of its expertise and judgment” (Yarbough at 347 [internal quotation marks and citations omitted]). Additionally, a reviewing court is bound by the record (Block v Nelson, 71 AD2d 509 [1979]), on the content of which an appeal must be decided (Fehlhaber Corp. v State of New York, 65 AD2d 119, 131 [1978], lv denied 48 NY2d 604 [1979]). In the matter at bar, HPD was not afforded an opportunity to challenge the accuracy of the ECB determination or petitioner’s purported evidence, and neither the issue nor the evidence having been before the agency, the record does not permit this Court’s review. The late-submitted survey depicting two retaining walls is dehors the record, and the majority’s reliance on it is clearly improper (see Matter of Gilman v New York State Div. of Hous. & Community Renewal, 99 NY2d 144, 150 [2002], revg 290 AD2d 280 [2002]).
Accordingly, the order should be affirmed.