Matter of Union of Automotive Technicians, AFL-CIO Local 563 v Port Auth. Empl. Relations Panel (2021 NY Slip Op 01348)





Matter of Union of Automotive Technicians, AFL-CIO Local 563 v Port Auth. Empl. Relations Panel


2021 NY Slip Op 01348


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 101244/19 Appeal No. 13253 Case No. 2020-02691 

[*1]In the Matter of Union of Automotive Technicians, AFL-CIO Local 563, Petitioner,
v
Port Authority Employment Relations Panel et al., Respondents.


Witham & Kozan, New York (Craig Kozan of counsel), for petitioner.
Michael T. Fois, Albany (Ellen M. Mitchell of counsel), for Port Authority Employment Relations Panel, respondent.
Port Authority Law Department, New York (Paulo C. Alves of counsel), for The Port Authority of New York and New Jersey, respondent.



Determination of respondent Port Authority Employment Relations Panel (the Panel), dated July 16, 2019, dismissing petitioner's improper practice charges against respondent Port Authority of New York and New Jersey (Port Authority), unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [John J. Kelley, J.], entered December 12, 2019) dismissed, without costs.
As an initial matter, this proceeding should not have been transferred to this Court pursuant to CPLR 7804(g), since the petition does not raise an issue of substantial evidence (see Matter of Tucker v New York City Hous. Auth., 129 AD3d 571, 575 [1st Dept 2015]). "While factual findings made pursuant to a hearing required by law must be affirmed when supported by substantial evidence in the record, . . . an arbitrary and capricious standard of review" is applicable to "challenges to an agency's interpretation or application of a statute or regulation" (Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227, 239 [1997]; see e.g. Matter of Gilman v New York State Div. of Hous. & Community Renewal, 99 NY2d 144, 149 [2002]). In this case, the factual findings made after the hearing are undisputed. However, as a matter of judicial economy, we retain jurisdiction to dispose of all issues raised in the proceeding (see Matter of Trustees of Columbia Univ. v City of New York, 110 AD3d 467 [1st Dept 2013]).
Regulations of the Transportation Security Administration (TSA) of the United States Department of Homeland Security generally require an airport operator to establish at least one security identification display area (SIDA) at an airport (49 CFR 1542.205[a]). Petitioner filed an improper practice charge challenging Port Authority's revision of its SIDA clearance application form to require applicants to disclose all offenses, other than certain traffic offenses, of which they had ever been convicted, or found not guilty by reason of insanity. The prior SIDA application form required disclosure only of disqualifying offenses enumerated in 49 CFR 1542.209(d). The Panel rationally found that the requirements to disclose additional convictions were not terms and conditions of employment and did not require collective bargaining. The revision of the application form was an exercise of Port Authority's managerial prerogative to determine job qualifications, and amounted to "policy decisions relating to the primary mission of the public employer" (Matter of Board of Educ. of City School Dist. of City of N.Y. v New York State Pub. Empl. Relations Bd., 75 NY2d 660, 669 [1990]) as an airport operator responsible for airport security. Moreover, section III(D) of Port Authority's Labor Relations Instruction excludes "the mission and management responsibilities of the Authority, including its . . . staffing[ and] operating . . . policies" from mandatory negotiation.
The Panel rationally [*2]rejected petitioner's argument that Port Authority's expansion of the offenses required to be disclosed in the application form violated 49 CFR 1542.209. TSA's legal guidance on that regulation stated that "a credentialing authority may apply its own criteria in making a decision to grant or deny unescorted access authority." TSA provided the example that such an authority may consider convictions of disqualifying offenses from before the 10-year period proscribed by 49 CFR 1542.209(d), which is analogous to Port Authority's consideration of substantive offenses not enumerated in that provision.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021