**Matter of Blue v New York State Dept. of Fin. Servs.**

2024 NY Slip Op 31224(U)

April 10, 2024

Supreme Court, New York County

Docket Number: Index No. 150526/2023

Judge: Denise M. Dominguez

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DENISE M DOMINGUEZ**

*Justice*

PART **35M**

-----------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF REVEREND MARK BLUE, INDIVIDUALLY, AND AS PRESIDENT OF THE BUFFALO BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP),

INDEX NO. 150526/2023

MOTION SEQ. NO. 001

Petitioner,

- v -

**DECISION + ORDER ON MOTION**

NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES, ADRIENNE A. HARRIS, SUPERINTENDENT,

Respondents

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 13, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29

were read on this motion to/for                                            JUDGMENT - DECLARATORY               .

For the reasons that follow, the Petition pursuant to CPLR Article 78, challenging Respondents, NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES (DFS) and ADRIENNE A. HARRIS, SUPERINTENDENT's denial of the Petitioner's Freedom of Information Law ("FOIL") request is hereby denied and this proceeding is dismissed and the cross-motion by Respondents to dismiss the Petition is denied as moot.

The within Petition, seeks to compel Respondents to provide all documents and records submitted to DFS (in accordance with Insurance Law §1506) related to the June 2020 application by Highmark Health and Highmark Inc. (Highmark) for authorization to affiliate with HealthNow New York, Inc., as requested in Petitioner's November 22, 2021 FOIL request.

Respondents' cross-motion seeks the dismissal of the Petition pursuant to CPLR §7804(f) and §3211(a)(2), for failure to state a claim, as Insurance Law §1504(c) is as a statutory exemption

**150526/2023  I/M/O OF THE APPLICATION OF REVEREND MARK BLUE, ET AL. vs. NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES, ET AL.**
**Motion No. 001**

Page 1 of 7

1 of 7

to FOIL disclosure of materials that the Petitioner requested and due to trade secret and personal privacy exemptions.

## *Background*

Approximately in June of 2020, HealthNow New York, a New York not-for-profit insurance company, sought DFS's approval to affiliate with Highmark Inc., a Pennsylvania not-for-profit insurance company, triggering Insurance Law §1506. In connection with the application for approval, various materials and information were submitted to DFS in accordance with Insurance Law §1506.

Petitioner served a FOIL request on Respondents dated November 22, 2021. Therein Petitioner sought "all documents and records submitted to and reviewed by the Department in connection with its approval and ongoing examination of the so called 'Affiliation' between HealthNow New York and Highmark Health." Although the FOIL request identified some of the specific information requested, the request was specifically not limited to the identified items. Yet, the FOIL request is exceedingly broad in nature as it seeks without limitation, any and all records and documents connected to the affiliation application between HealthNow NY and Highmark.

Following the submission of the FOIL request, Intervenor-Respondents Highmark Western and Northeastern New York Inc., Highmark Inc., and Highmark Health (Highmark) submitted a letter of necessity to DFS, dated July 5, 2022, requesting exemption of all information requested from Petitioner's FOIL request pursuant to Public Officers Law §87(2), other than that information that was previously made public. Therein, Highmark advised DFS that the requested materials were proprietary in nature and could be used in a manner that would cause substantial competitive injury to Highmark.

DFS then issued a denial of Petitioner's FOIL request, by letter dated July 11, 2022.

**150526/2023 I/M/O OF THE APPLICATION OF REVEREND MARK BLUE, ET AL. vs. NEW YORK**     **Page 2 of 7**
**STATE DEPARTMENT OF FINANCIAL SERVICES, ET AL.**
**Motion No. 001**

[* 2]         2 of 7

Therein, DFS specifically noted that the requested information was exempt from FOIL disclosure pursuant to Public Officers Law §87(2) and pursuant to Insurance Law §1504(a).

Petitioner then appealed the denial, and by letter dated September 22, 2022, DFS denied the appeal. Therein, DFS again relies upon Public Officers Law §87(2)(d) and Public Officers Law §87(2)(a) and Insurance Law §1504(a) as exemptions for the basis to deny the FOIL request. DFS notes that in making its determination, it requested a statement of necessity from Highmark and relied upon such statement in forming its conclusion. Specifically, DFS concluded that the biographical affidavits were exempt per the personal privacy exemption as such records contained employment history, addresses, phone numbers, and other personal and private information. DFS also concluded that the requested records were exempt as trade secret/competitive injury as the public disclosure of financial status and business operations of Highmark would provide any of its competitors and unfair advantage, as they could rely upon Highmark's strategies and plans in order to formulate their business structure. In essence, the competitors would be able to capitalize upon Highmark's resources and development without expending their own resources.

### *Petition*

It has long been held that judicial review pursuant to CPLR §7803 is limited to whether there was a rational basis for the administrative agency's determination, whether the determination was arbitrary and capricious or whether there was an abuse of discretion. (*See Pell v. Bd. of Ed. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester Cnty.*, 34 N.Y.2d 222 [1974]; *Gilman v N.Y. State Div. of Hous. & Community Renewal*, 99 N.Y.2d 144 [2002]). However, "[w]hen reviewing the denial of a FOIL request, a court must apply a far different rule. It is to presume that all records of a public agency are open to public inspection and copying, and must require the agency to bear the burden of showing that the records fall squarely within an

150526/2023 I/M/O OF THE APPLICATION OF REVEREND MARK BLUE, ET AL. vs. NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES, ET AL.
Motion No. 001

Page 3 of 7

3 of 7

[* 3]

exemption to disclosure" (*New York Comm. for Occupational Safety & Health v. Bloomberg*, 72 A.D.3d 153, 158 [1st Dept 2010] *citations omitted*).

Here, Respondents and Intervenor-Respondent Highmark Western And Northeastern New York Inc. ("Intervenor-Respondent") assert Petitioner's FOIL request is exempt from disclosure pursuant to Public Officer's Law §87(2)(a) (by statute via Insurance Law §1504) Public Officer's Law §87(2)(b) (invasion of personal privacy) and §87(2)(d) (trade secrets). This Court agrees.

Article 15 of the Insurance Law controls applications for affiliation approval. Insurance Law §1506 provides that "[t]he superintendent shall disapprove such acquisition if he determines... that such action is reasonably necessary to protect the interests of the people of this state...." In making such assessment, the superintendent must evaluate, in part, the financial condition of the acquiring person, the source of funds or assets for the acquisition, whether the acquisition may lessen competition in any line of commerce in insurance or create a monopoly and whether the acquisition may by hazardous or prejudicial to policy holders and shareholders (Insurance Law §1506[b][1-7]).

Intervenor-Respondent Highmark submits evidence via an Affidavit by President Michael Edbauer ("Edbauer Aff.") establishing that personal, confidential and/or trade secret information was submitted for consideration to DFS, the agency charged with the duty to acquire and consider substantial personal, financial and confidential materials and information in evaluating whether to approve any such application. Therein, it is alleged that Highmark applied to DFS to affiliate with HealthNow New York in accordance with Insurance Law §1506(b) and with the understanding that the information and materials submitted would be kept confidential as per Insurance Law §1504. Additionally, Highmark deemed the biographical affidavits submitted with the application personal and private as such affidavits contained with personal information for some of the officers

**150526/2023 I/M/O OF THE APPLICATION OF REVEREND MARK BLUE, ET AL. vs. NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES, ET AL.
Motion No. 001**

Page 4 of 7

4 of 7

and board members (as required by 11 NYCRR §80-1.6 item 2). Additional exhibits submitted with the application were also confidential as they contained details deemed trade secret and which would cause competitive injury if disclosed. Specifically, that the operational plans submitted detailed specific advantages Highmark held over its competitors in the competitive health insurance marketplace, which were not know to anyone outside of Highmark, and were only shared with DFS as required with the application per Insurance Law §1506(b).

Insurance Law §1504(a) provides that

"[e]very controlled insurer shall file with the superintendent such reports or material as the superintendent may direct for the purpose of disclosing information concerning the operations of persons within the holding company system that may materially affect the operations, management or financial condition of the insurer."

Insurance Law §1504(c)(1) provides that

"[t]he contents of each report and filing made pursuant to this article and any information obtained in connection therewith shall be confidential and proprietary and shall not be subject to subpoena or discovery or admissible in evidence in any private civil action, and the superintendent shall not make the same public without the prior written consent of the controlled insurer to which it pertains unless the superintendent, after notice and an opportunity to be heard, shall determine that the interests of policyholders, shareholders or the public will be served by the publication thereof. In any action or proceeding by the superintendent against the person examined or any other person within the same holding company system a report of such examination published by the superintendent shall be admissible as evidence of the facts stated therein.

Insurance Law §1504(c)(2) provides that

Neither the superintendent nor any person who received a report or filing made pursuant to this article and any information obtained in connection therewith, through examination or otherwise, while acting under the authority of the superintendent or with whom such report, filing, or information are shared pursuant to this chapter, shall be permitted or required to testify in any private civil action concerning the report, filing, or information.

Here, Petitioner sought "all documents and records submitted to and reviewed by the Department in connection with its approval and ongoing examination..." of the affiliation application. Yet the documents and records submitted for the application are protected by Insurance Law §1504 and are not to be disclosed to the public unless upon prior written consent

**150526/2023  I/M/O OF THE APPLICATION OF REVEREND MARK BLUE, ET AL. vs. NEW YORK**  **Page 5 of 7**
**STATE DEPARTMENT OF FINANCIAL SERVICES, ET AL.**
**Motion No.  001**

5 of 7

of the insurer, or if there is a determination by the superintendent that the disclosure of the submissions was necessary in the interests of the policy holders, shareholders or the public. Upon review, consent was specifically denied by Highmark and the superintendent did not initiate a hearing and determine that publication was warranted. Accordingly, based upon the exceedingly broad FOIL request, asking for all documents and records related to the affiliation application, and as all submissions by the insurer are protected from public disclosure by Insurance Law §1504, the denial of Petitioner's FOIL request was appropriate.

As made clear by the parties' respective submissions and as discussed when this matter was conferenced with the Court, there is not substantial precedent concerning this issue. However, Insurance Law §1504 has been held to apply to insurance providers and has been held to protect the confidential filings submitted by such carriers pursuant to Article 15 of the Insurance Law (*see e.g. McFerrin-Clancy v. Ins. Dep't of State,* 25 Misc. 3d 1223(A), 906 N.Y.S.2d 773 [Sup. Ct. New York County 2009]; *cf. Consol. Edison Co. of New York v. Ins. Dep't of State of N.Y.,* 140 Misc. 2d 969, 978, 532 N.Y.S.2d 186 [Sup. Ct. New York County 1988]).

Petitioner's argument that Article 15 of the Insurance Law does not control because there was no "affiliation" but a "merger" is unavailing or persuasive as Petitioner does not rely on any caselaw or any legal authority. Equally unavailing is Petitioner's argument that the requested materials are not "reports" so they are not protected under Insurance Law §1504. Again, Petitioner does not rely upon any legal authority for this argument. Furthermore, the statue specifically states that the "content of each report and filing... and any information obtained in connection therewith therewith shall be confidential and proprietary...."

Accordingly, as Respondents and Intervenor-Respondent have demonstrated that the documents and materials submitted as per Insurance Law §1506 during the affiliation application

**150526/2023 I/M/O OF THE APPLICATION OF REVEREND MARK BLUE, ET AL. vs. NEW YORK**   Page 6 of 7
**STATE DEPARTMENT OF FINANCIAL SERVICES, ET AL.**
**Motion No. 001**

6 of 7

are exempt from disclosure pursuant to Public Officer's Law §87(2)(a) and Insurance Law §1504, the denial of the FOIL request was appropriate.

Moreover, pursuant to the Edbauer Aff., (NYSCEF Doc. 27) the Respondents and Intervenor-Respondent have demonstrated valid concerns over the public disclosure of "all documents and records" as such require the disclosure of personal information, contained in the biographical affidavits, which may be exempt from public disclosure per Public Officer's Law §87(2)(b). It is also clear that there are valid concerns over trade secret and/or proprietary information that would result in a competitive injury to Highmark, which may be exempt as per Public Officer's Law §87(2)(d). However, as this Court has found that the affiliation application is exempt as per Public Officer's Law §87(2)(a) and Insurance Law §1504, this Court does not specifically reach a conclusion as to the applicability of Public Officer's Law §87(2)(b) or (d).

Accordingly, for the reasons above, this Court finds that DFS's findings were proper and that Respondents have met their burden in showing that Petitioner's broad FOIL request is exempt from disclosure (*New York Comm. for Occupational Safety & Health,*72 A.D.3d 153).

Therefore it is hereby

ORDERED that the Petition is denied and the proceeding is dismissed; and it is further

ORDERED that Respondent's cross-motion is denied as moot; and it is further

ORDERED that counsel for Petitioner within 20 days from this entry of this Order shall serve a copy of this order with notice of entry upon all parties and upon the Clerk of the Court.

| 4/10/2024 | | | | | DENISE M DOMINGUEZ, J.S.C. | | |
| DATE | | | | | | | |
| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | |
| | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

150526/2023 I/M/O OF THE APPLICATION OF REVEREND MARK BLUE, ET AL. vs. NEW YORK     Page 7 of 7
STATE DEPARTMENT OF FINANCIAL SERVICES, ET AL.
Motion No. 001

[* 7]                                        7 of 7