Matter of 612 W. 144 Realty LLC v New York State Div. of Hous. & Community Renewal (2024 NY Slip Op 05877)

Matter of 612 W. 144 Realty LLC v New York State Div. of Hous. & Community Renewal

2024 NY Slip Op 05877

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 154470/23 Appeal No. 3108 Case No. 2024-01623 

[*1]In the Matter of 612 West 144 Realty LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent.

Kucker, Marino, Winiarsky & Bittens, LLP, New York (Patrick K. Munson of counsel), for appellant.
Mark F. Palomino, New York (Russell Cirincione of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Richard Latin, J.), entered November 3, 2023, denying the petition to annul the order of New York State Division of Housing and Community Renewal (DHCR), which granted in part the petition for administrative review (PAR) of Monica Mendonca Reis and found petitioner responsible for rent overcharges, interest, and treble damages, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the judgment vacated, the petition reinstated, and the matter remanded to the Rent Administrator for petitioner to provide itemized proof of costs for work performed by the general contractor and electrician in connection with purported individual apartment improvements (IAIs).
Pursuant to DHCR Policy Statement 90-10, if DHCR intends to require additional documentation from a property owner, such as an itemized breakdown of costs, DHCR must request that documentation. In this case, DHCR never requested itemized breakdowns for the contractor or electrician. However, in granting the overcharge application, DHCR faulted petitioner for not providing them. Because DHCR did not follow its own rules and regulations, DHCR's PAR order granting in part Reis's rent overcharge complaint was arbitrary and capricious and in violation of lawful procedure (see generally Matter of Gilman v New York State Div. of Hous. & Community Renewal , 99 NY2d 144, 151 [2002]). Accordingly, we remand the matter to the Rent Administrator for the limited purpose of permitting petitioner to submit itemized documentation of costs for work performed by the contractor and electrician in connection with the purported IAIs.
The PAR order clearly states that DHCR relied on the Attorney General's Assurance of Discontinuance (AOD) in analyzing the overcharge complaint. Based on the AOD's prohibition on its use against affiliates of the respondents, DHCR's reliance on the AOD to justify additional scrutiny of petitioner's documents lacked a rational basis and was arbitrary and capricious. Any future DHCR decision in this matter should not rely on the AOD.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024