Matter of Manhattan Org., LLC v City of New York (2026 NY Slip Op 00198)

Matter of Manhattan Org., LLC v City of New York

2026 NY Slip Op 00198

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kennedy, J.P., Gesmer, Rodriguez, Pitt-Burke, Chan, JJ. 

Index No. 151940/24 |Appeal No. 5607|Case No. 2024-05068|

[*1]In the Matter of The Manhattan Organization, LLC 506 West 157th Street, Petitioner-Appellant,
vCity of New York, et al., Respondents-Respondents.

James P. Demetriou, Mineola, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Diana Lawless of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about July 25, 2024, which denied the petition to vacate or annul the February 26, 2024 determination of respondent City of New York Department of Housing Preservation & Development (HPD) denying petitioner's application for a certificate of no harassment (CONH), for an order mandating HPD to issue petitioner a CONH, and for an award of damages and attorney's fees, and which dismissed the proceeding commenced pursuant to CPLR article 78, unanimously affirmed, without costs.
HPD rationally concluded that petitioner's principal made a material misstatement on its CONH application, justifying its rejection (see CPLR 7803 [3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). Petitioner responded "No" to the question in HPD's application asking whether "any of the persons or entities named" therein, which would have included petitioner's principal, had "ever been convicted of a crime, within the inquiry period" or were "currently or at any time during the inquiry period, a defendant in a criminal proceeding, or in a pending criminal proceeding." The application was submitted in October 2020, and the receipt sent to petitioner stated that "[i]f any information stated in the Application changes at any time before HPD makes a final determination regarding whether harassment occurred, the applicant must promptly update the Application with such new information and submit it to HPD". That language tracks 28 RCNY 10-03(i). Petitioner failed to update the application to reflect its principal's indictment in July 2021 on mortgage fraud charges, and his re-indictment in July 2023 after the original indictment was dismissed by this Court on technical grounds (Matter of Makhani v Kiesel, 211 AD3d 132 [1st Dept 2022]). Thus, HPD had an entirely rational basis to find that the failure of petitioner to update its application meant that it contained a material misstatement, which warranted the rejection of the application and the placement of a three-year prohibition on submission of a new application (28 RCNY 10-03[g]; see Matter of Sanchez v Department of Educ. of the City of N.Y., 202 AD3d 523, 523 [1st Dept 2022]).
We reject petitioner's argument that HPD's delay in rejecting the application violated its own guidelines. The provision that HPD either issue a CONH, waive or deny certification, or order a hearing within 30 days of a required comment period, is permissive in nature (see Administrative Code of City of New York § 27-2093[d][3] ["the commissioner may" select one of those options]). Further, "[a]dministrative delay will not defeat the agency, absent a showing that the delay was willful or a result of negligence" (Matter of Estate of Goldman v New York State Div. of Hous. & Community Renewal, 270 AD2d 169, 169 [1st Dept 2000]).
Petitioner's argument that HPD's determination was arbitrary and capricious because the criminal activity it failed to report was unrelated to harassment is unpreserved, since it was raised in petitioner's reply below (see Matter of Almanzar v City of N.Y. City Civ. Serv. Commn., 166 AD3d 522, 524 [1st Dept 2018]. In any event, we find that HPD's "power to promulgate such regulations as it may consider necessary or convenient to interpret or carry out any provisions of this code" gave it ample discretion to reject the application on the basis it did here (Administrative Code of City of New York § 27-2090).
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026