■ In the Matter of YOUNAS SHAHID, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. HILLSIDE PLACE, LLC, Intervenor-Respondent. [921 NYS2d 864]—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and

Community Renewal dated August 5, 2009, which, inter alia, denied a petition for administrative review of an order of the District Rent Administrator dated March 16, 2006, finding that the building owner had provided an adequate substitute for a required service, the petitioner appeals from (1) a judgment of the Supreme Court, Queens County (Kitzes, J.), dated April 7, 2010, which denied the petition and dismissed the proceeding, and (2) an order of the same court, also dated April 7, 2010, which denied, as academic, his motion to direct the building owner to restore the required service in the event that the petition is granted.

Ordered that the judgment and the order are affirmed, with one bill of costs.

The determination of the New York State Division of Housing and Community Renewal (hereinafter the DHCR), inter alia, denying the petition for administrative review could be annulled only if it lacked a rational basis, or was arbitrary and capricious (*see* CPLR 7803 [3]; *Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144, 149 [2002]). Here, the DHCR's determination that the District Rent Administrator did not err in finding that certain security measures were an adequate substitute for the services of a lobby attendant was rational, and was not arbitrary and capricious. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

Moreover, in light of the foregoing, the Supreme Court properly denied, as academic, the petitioner's motion to direct the building owner to restore the services of the lobby attendant in the event that the petition is granted. Rivera, J.P., Skelos, Sgroi and Miller, JJ., concur.