Matter of Bazile v Rubin (2018 NY Slip Op 06737)





Matter of Bazile v Rubin


2018 NY Slip Op 06737


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
HECTOR D. LASALLE, JJ.


2016-06413
2016-06425
 (Index No. 12896/15)

[*1]In the Matter of Lyson Bazile, et al., respondents,
v
James S. Rubin, etc., et al., appellants.


Mark F. Palomino, New York, NY (Susan E. Kearns of counsel), for appellants James S. Rubin and New York State Division of Housing and Community Renewal.
Kucker & Bruh, LLP, New York, NY (Patrick K. Munson of counsel), for appellant California Leasing, LP.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated August 28, 2015, which denied a petition for administrative review and affirmed a Rent Administrator's determination that the addition of a video surveillance system to the lobby of the subject building was an adequate substitute for part-time lobby attendants, James S. Rubin and the New York State Division of Housing and Community Renewal appeal, and California Leasing, LP, separately appeals, from (1) a judgment of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered April 27, 2016, and (2) and order of the same court, also entered April 27, 2016. The judgment granted the petition, annulled the determination, and remitted the matter to the New York State Division of Housing and Community Renewal for further proceedings. The order granted the petitioners' motion to enjoin California Leasing, LP, from removing the part-time lobby attendants pending the further proceedings before the New York State Division of Housing and Community Renewal.
ORDERED that the judgment is reversed, on the law, the petition is denied, and the proceeding is dismissed; and it is further,
ORDERED that the order is reversed, on the law, and the petitioners' motion to enjoin California Leasing, LP, from removing the part-time lobby attendants pending the further proceedings before the New York State Division of Housing and Community Renewal is denied; and it is further,
ORDERED that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.
The owner of the subject building, California Leasing, LP (hereinafter California Leasing), filed an application with the New York State Division of Housing and Community Renewal (hereinafter the DHCR) for permission to modify the services provided in the building by replacing the existing part-time lobby attendants with a video surveillance system. A Rent Administrator determined that the video surveillance system was an adequate substitute for the part-time lobby attendants. In a determination dated August 28, 2015, the Deputy Commissioner for the DHCR denied a petition for administrative review and affirmed the Rent Administrator's determination.
The petitioners, who are tenants in the building, then commenced this proceeding pursuant to CPLR article 78 to review the DHCR's determination. In a judgment entered April 27, 2016, the Supreme Court granted the petition, annulled the determination, and remitted the matter to the DHCR for further proceedings. In a separate order, also entered April 27, 2016, the court granted the petitioners' motion to enjoin California Leasing from removing the part-time lobby attendants pending those further proceedings. James S. Rubin, as Commissioner of the DHCR, and the DHCR, appeal from the judgment and the order. California Leasing separately appeals from the judgment and the order.
The Rent Stabilization Code provides that "[a]n owner may file an application to modify or substitute required services, at no change in the legal regulated rent, . . . on the grounds that: . . . such modification or substitution is not inconsistent with the [Rent Stabilization Law] or this Code" (9 NYCRR 2522.4[e]). A modification of services may be made if the proposed change is an "adequate substitute" (Matter of Shahid v New York State Div. of Hous. & Community Renewal, 84 AD3d 822, 823). Here, the DHCR's determination that the Rent Administrator did not err in finding that the video surveillance system was an adequate substitute for the part-time lobby attendants was rational, and was not arbitrary and capricious (see CPLR 7803[3]; Matter of Shahid v New York State Div. of Hous. & Community Renewal, 84 AD3d 822, 823; Matter of Various Tenants of Garage Located at 68-38 Yellowstone Blvd., Queens, N.Y. v Roldan, 260 AD2d 487; Matter of Various Tenants v State of N.Y. Div. of Hous. & Community Renewal, 237 AD2d 157). Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding.
In light of the forgoing, the Supreme Court should have denied the petitioner's motion for an injunction.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court