■ In the Matter of JANE STREET Co., Appellant, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered on November 1, 1989, which dismissed petitioner's CPLR article 78 proceeding, and an order of the same court entered on February 28, 1990, which granted petitioner's motion for reargument and, on reargument, adhered to the original determination, unanimously affirmed, without costs and without disbursements.

Respondent Division of Housing and Community Renewal (DHCR) determined that the petitioner owner was guilty of willful rent overcharges and assessed a penalty of three times the amount of the overcharge. Although the owner does not deny having failed to submit a complete rental history, it does argue that it disproved willfullness, and that consequently treble damages should not have been assessed against it.

In view of the unexplained and unjustified increase in rental from the amount paid by the prior tenant ($400) to that paid by the complaining tenant in his initial lease ($510.21), and two opportunities to recompute the rent dating back to 1981, DHCR had a rational basis to determine that the overcharge was willful, and the IAS court properly declined to substitute its own view for that of DHCR *(see, Matter of Bambeck v State Div. of Hous. & Community Renewal,* 129 AD2d 51, 54, *lv denied* 70 NY2d 615). It was for DHCR to weigh the evidence submitted by petitioner, which consisted of

unexecuted leases, and allegations that it hired a private investigator in an attempt to locate prior leases.

Similarly, the IAS court correctly declined to hold that DHCR was arbitrary or capricious in refusing to be bound by an assurance of discontinuance (AOD) executed by the New York State Attorney-General and the rental agent for this and numerous other buildings. Neither the DHCR nor the tenant was a party to this AOD. The AOD contains express language providing that the tenant retains all of his legal remedies. Further, the action taken by the Attorney-General, whose inquiry was directed not at individual overcharges so much as at wide-ranging fraudulent practices, would hardly preclude maintenance of an overcharge proceeding before DHCR, especially in view of the express language of the AOD reserving all of the tenant's rights.

Petitioner argues that it was improperly penalized for overcharges by the predecessor owner. This argument is based on facts presented for the first time in the article 78 petition, and the IAS court properly declined to consider it (*Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756, *affd* 58 NY2d 952). Concur—Murphy, P. J., Ross, Carro and Rosenberger, JJ.