■ In the Matter of MARISOL REALTY CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [62 NYS3d 331]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, J.), entered July 14, 2015, denying the petition to annul a final order of respondent New York State Division of Housing and Community Renewal (DHCR), dated July 3, 2014, which denied the Petition for Administrative Review (PAR) and affirmed the order of the DHCR Rent Administrator, dated December 7, 2012, which found that apartment No. 3 in the subject building was rent-stabilized, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

DHCR's denial of the PAR had a rational basis and was neither arbitrary nor capricious. Documentary evidence submitted by the tenant established that the building, which was constructed before 1974, had at least six housing accommodations, and was therefore subject to rent stabilization (see 9

NYCRR 2520.11 [d]; *see Wilson v One Ten Duane St. Realty Co.*, 123 AD2d 198 [1st Dept 1987]). Petitioner did not respond to the tenant's submissions.

Contrary to petitioner's argument, DHCR properly refused to accept evidence submitted for the first time by petitioner at the PAR, where the scope of review was limited to facts or evidence before the Rent Administrator (9 NYCRR 2529.6). Moreover, DHCR rationally determined that petitioner did not meet its burden of demonstrating good cause to warrant a remand to the Rent Administrator to consider the additional evidence (9 NYCRR 2529.6; *see Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144, 150 [2002]). Petitioner's denial of the receipt of DHCR's notices requesting a response to the tenant's submission was unsworn, and there was not an affidavit or affirmation from counsel denying receipt of DHCR's notices. Petitioner's claim of law office failure was speculation.

The Rent Stabilization Code permitted, but did not require, DHCR to inspect the premises before making a determination (9 NYCRR 2527.5 [b]). DHCR's decision not to inspect the premises was not an abuse of discretion, given that petitioner did not respond to the Rent Administrator's notices requesting a response to the tenant's submissions. Although petitioner disputed the accuracy of the documents at the PAR, it was for DHCR to weigh the evidence that the parties submitted (*Matter of Jane St. Co. v State Div. of Hous. & Community Renewal*, 165 AD2d 758 [1st Dept 1990], *lv denied* 77 NY2d 801 [1991]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Richter, J.P., Gische, Kapnick, Kahn and Kern, JJ.