Matter of Gray v New York State Div. of Hous. & Community Renewal (2019 NY Slip Op 08190)





Matter of Gray v New York State Div. of Hous. & Community Renewal


2019 NY Slip Op 08190


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-12802
 (Index No. 2933/15)

[*1]In the Matter of John Gray, etc., appellant, 
v
New York State Division of Housing and Community Renewal, respondent-respondent, Christy Denckla, et al., intervenor respondents-respondents.


Stern & Stern, Brooklyn, NY (Pamela Smith of counsel), for appellant.
Mark F. Palomino, New York, NY (Aida P. Reyes of counsel), for respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated January 7, 2015, which denied a petition for administrative review and affirmed a Rent Administrator's determination dated April 2, 2014, finding that the petitioner had overcharged a tenant and awarding the tenant treble damages for the rent overcharge, the petitioner appeals from a judgment of the Supreme Court, Kings County (Bernard J. Graham, J.), dated September 14, 2016. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner owns an apartment building located in Brooklyn. In February 2011, a former tenant filed a complaint with the New York State Division of Housing and Community Renewal (hereinafter the DHCR) alleging that he had been overcharged rent during his occupancy of an apartment in the building. Despite the DHCR's numerous notifications of the proceeding and requests for information, the petitioner failed to respond to the rent overcharge complaint. On April 2, 2014, a Rent Administrator issued a determination which held that the tenant had been overcharged and awarding treble damages.
Thereafter, the petitioner filed a petition for administrative review (hereinafter PAR) with the DHCR contesting the Rent Administrator's determination on the ground that the building was exempt from rent stabilization pursuant to 9 NYCRR 2520.11 because it had been substantially rehabilitated. On January 7, 2015, a Deputy Commissioner of the DHCR denied the PAR and affirmed the Rent Administrator's determination. In relevant part, the Deputy Commissioner declined to consider evidence submitted in support of the PAR that had not previously been presented to the Rent Administrator and found no grounds to warrant remanding the matter to the Rent Administrator for a redetermination after consideration of the new evidence.
The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the Deputy Commissioner's determination. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
In the context of a PAR, the DHCR's administrative review is "limited to facts or evidence before [the] rent administrator as raised in the petition" (9 NYCRR 2529.6). However, if the petitioner submits new facts or evidence that he or she could not reasonably have offered or included in the proceeding before the rent administrator, the proceeding may be remanded to the rent administrator for redetermination to consider such new facts or evidence (see 9 NYCRR 2529.6).
In reviewing the subject determination, the court's inquiry is limited to whether the determination was arbitrary and capricious and without a rational basis (see Matter of 65-61 Saunders St. Assoc., LLC v New York State Div. of Hous. & Community Renewal, 154 AD3d 930, 931; Matter of 1437 Carroll, LLC v New York State Div. of Hous. & Community Renewal, 150 AD3d 1224).
Here, contrary to the petitioner's contention, the DHCR properly refused to consider evidence submitted for the first time by the petitioner in support of the PAR, and rationally determined that the petitioner had failed to establish that the new evidence could not reasonably have been offered earlier, so as to warrant a remand to the Rent Administrator for a redetermination after consideration of the new evidence (see 9 NYCRR 2529.6; Matter of Gilman v New York State Div. of Hous. & Community Renewal, 99 NY2d 144, 150; Matter of Marisol Realty Corp. v New York State Div. of Hous. & Community Renewal, 154 AD3d 463, 464; Matter of Horowitz v State of N.Y. Div. of Hous. & Community Renewal, 277 AD2d 382, 383; Matter of DiMaggio v Division of Hous. & Community Renewal, 248 AD2d 533, 534).
Therefore, we agree with the Supreme Court's determination to deny the petition and, in effect, dismiss the proceeding.
CHAMBERS, J.P., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court