Matter of Garner v New York Div. of Hous. & Community Renewal (2021 NY Slip Op 00795)





Matter of Garner v New York Div. of Hous. & Community Renewal


2021 NY Slip Op 00795


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Manzanet-Daniels, J.P., Gische, González, Shulman, JJ. 


Index No. 155346/19 Appeal No. 13095 Case No. 2020-01445 

[*1]In the Matter of Micah Garner, Petitioner-Tenant,
v
New York Division of Housing and Community Renewal, etc., Respondent, Pwv Acquisition, LLC, (Owner), Respondent-Landlord.


Kagan Lubic Lepper Finkelstein & Gold, LLP, New York (Joseph P. Mitchell of counsel), for petitioner.
Mark F. Palomino, New York (Sandra A. Joseph of counsel), for New York Division of Housing and Community Renewal, respondent.
Cullen & Associates, P.C., New York (Wayne L. Desimone of counsel), for Pwv Acquisition, LLC, respondent.



Determination of respondent New York Division of Housing and Community Renewal (DHCR), dated April 3, 2019, which denied petitioner tenant's petition for administrative review challenging the Rent Administrator's determination that respondent landlord proved its costs for Individual Apartment Improvements (IAIs) were not inflated, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arthur F. Engoron, J.], entered November 8, 2019), dismissed, without costs.
Supreme Court should have disposed of this proceeding on the merits, as the petition does not raise an issue of substantial evidence submitted during a "quasi-judicial evidentiary hearing" (Matter of Halperin v City of New Rochelle, 24 AD3d 768, 769 [2d Dept 2005], lv dismissed 6 NY3d 890 [2006]; see Matter of Modlin v Kelly, 121 AD3d 464 [1st Dept 2014], lv denied 25 NY3d 907 [2015]). Nonetheless, this Court is authorized to address the merits (see Matter of Halperin, 24 AD3d at 772-773).
DHCR's determination was not arbitrary and capricious (see CPLR 7803[3]). The Deputy Commissioner's determination, that DHCR Operational Bulletin 2016-1, which he himself issued, did not apply retroactively to IAIs performed years before it became effective, was "not irrational or unreasonable" (Samiento v World Yacht Inc., 10 NY3d 70, 79 [2008] [internal quotation marks omitted]). As such, respondent landlord's evidence supporting the rent increase, based on a complete apartment renovation before petitioner took occupancy, complied with DHCR Policy Statement 90-10. Petitioner's assertion before the Rent Administrator that work was ongoing when he first viewed the apartment was "not sufficiently compelling" to find that "DHCR's reliance on the landlord's documents" for the work's completion date was "arbitrary and capricious" (Matter of Hanjorgiris v Lynch, 298 AD2d 251, 251 [1st Dept 2002]). As for the landlord's claimed costs, "[i]t was for DHCR to weigh the evidence," and this Court must not "substitute its own view for that of DHCR" (Matter of Jane St. Co. v State Div. of Hous. & Community Renewal, 165 AD2d 758, 758 [1st Dept 1990], lv denied 77 NY2d 801 [1991]). Furthermore, DHCR was barred by from considering evidence not submitted before the Rent Administrator, as petitioner did not establish that the new evidence "could not reasonably have been offered or included" earlier (9 NYCRR 2529.6; see Matter of Gilman v New York State Div. of Hous. & Community Renewal, 99 NY2d 144, 150 [2002]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021