| |
|---|
| **Matter of 10 W. 65th St. Tenants Assn. v New York State Div. of Hous. & Community Renewal** |
| 2024 NY Slip Op 30005(U) |
| January 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154859/2023 |
| Judge: Shahabuddeen Ally |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. SHAHABUDDEEN ABID ALLY             PART             16TR
                                                  *Justice*

------------------------------------------------------------------------X
In the Matter of the Application of
10 WEST 65TH STREET TENANTS ASSOCIATION,

                                    Petitioner,

                        - v -

NEW YORK STATE DIVISION OF HOUSING AND
COMMUNITY RENEWAL and 10 WEST 65TH STREET LLC,

                                    Respondents.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154859/2023 |
| MOTION DATE | 9/11/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1-33
were read on this motion to/for          ARTICLE 78 (BODY OR OFFICER)          .

Petitioner brings this Article 78 proceeding seeking to annul the administrative determination made by respondent the New York State Division of Housing and Community Renewal ("DHCR") dated March 31, 2023 ("Challenged Order") on the grounds that it was arbitrary and capricious and lacked a rational basis in fact and law. Respondents oppose. Upon the above cited papers and for the reasons set forth below, the petition is denied and this proceeding is dismissed.

*Background*

Petitioner is an unincorporated, voluntary association of the tenants residing in the rent stabilized and rent controlled apartments at 10 West 65th Street, New York NY (the "Premises"). Respondent 10 West 65th Street LLC ("Owner") is the owner of the Premises. The apartments located at the Premises are governed by the Rent Stabilization Law, the Rent Stabilization Code,

154859/2023 10 WEST 65TH STREET TENANTS ASSOCIATION v NEW YORK STATE DIVISION OF
HOUSING AND COMMMUNITY RENEWAL et al
Motion No. 001

Page 1 of 6

and related other City provisions and regulations. Respondent DHCR is the agency charged with the administration and enforcement of the relevant laws and regulations.

In April 2011, Owner filed an application for a Major Capital Improvement ("MCI") increase for the installation of a new boiler, security system, intercom, and fencing. Petitioner opposed the application, contending that the boiler had been installed more than two years prior to the application and that the intercom did not function. Petitioner also argued that an MCI application for the intercom was in contravention of a January 30, 2013 DHCR order ("Modification Order," Petition, exhibit C) that granted Owner permission to change the intercom system at no cost to the tenants. Finally, petitioner contended that open hazardous conditions at the Premises and Owner's allegedly false statements in Department of Buildings ("DOB") filings should preclude the MCI rent increase.

In an order dated February 11, 2013, DHCR granted the MCI based on the results of a DHCR inspection, which revealed that the boiler, security system, and intercom were "new." (MCI Order, Petition, exhibit D, NYSCEF No. 6). The MCI Order included a rent increase of $8.98 based on the approved costs for the boiler and security and intercom systems but excluded the costs of the fencing (*id.*). Petitioner subsequently filed a petition for administrative review ("PAR").

In an order dated October 2, 2020 ("2020 PAR Order"), the Deputy Commissioner affirmed the MCI Order, finding: (1) that the Rent Administrator properly relied on the certificate to operate issued for the boiler in determining the completion date; (2) that the open violation did not justify delay of the MCI increase; (3) that the Modification Order did not preclude the MCI rent increase for the intercom; (4) that claims relating to Owner's DOB filings were outside DHCR's purview; (4) that petitioner's claim that the Owner created additional

154859/2023 10 WEST 65TH STREET TENANTS ASSOCIATION v NEW YORK STATE DIVISION OF
HOUSING AND COMMMUNITY RENEWAL et al
Motion No. 001

Page 2 of 6

2 of 6

apartments and additional rooms at the Premises was unsubstantiated; and (5) that the Rent Administrator adequately set forth all findings (Petition, exhibit E, NYSCEF No. 7). Thereafter, petitioner commenced an Article 78 proceeding on January 1, 2020 (Index No. 160407/2020), which resolved in a stipulation to remit for further consideration and issuance of a new order and determination (Answer, exhibit D, NYSCEF No. 26).

After the remit, the Deputy Commissioner issued an order dated March 31, 2023 ("Challenged Order"), which partially modified the 2020 PAR Order (Petition, exhibit A, NYSCEF No. 3). Specifically, the Deputy Commissioner found that that petitioner demonstrated that the completion date of the boiler work was more than two years prior to Owner's MCI application, and therefore any rent increase for that work should be disallowed pursuant to 9 NYCRR 2522.4(a)(8) and 2202.4(c)(4)(vi) (*id.*). The Deputy Commissioner further found that the hazardous violation which existed at the time of the MCI application was not corrected until February 5, 2019 and altered the effective date of the MCI rent increase accordingly (*id.*). The Challenged Order left intact all other conclusions in the 2020 PAR Order (*id.*).

*Discussion*

In the context of an Article 78 proceeding, the court's function is to evaluate whether, upon the facts before an administrative agency, that agency's determination had a rational basis in the record or was arbitrary and capricious (CPLR § 7803[3]; *see, e.g. Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]; *Matter of E.G.A. Assoc. v New York State Div. of Hous. & Community Renewal*, 232 AD2d 302 [1st Dept 1996]). The administrative determination will only be found arbitrary and capricious if it is "without sound basis in reason, and in disregard of . . . the facts" (*see Matter of Century Operating Corp. v Popolizio*, 60 NY2d 483, 488 [1983],

**154859/2023 10 WEST 65TH STREET TENANTS ASSOCIATION v NEW YORK STATE DIVISION OF HOUSING AND COMMMUNITY RENEWAL et al**
Page 3 of 6
**Motion No. 001**

[* 3]                                                    3 of 6

citing *Matter of Pell*, *supra* at 231). A reviewing court may not substitute its own judgment for that of the agency making the determination (*see Partnership 92 LP v New York State Div. of Hous. & Community Renewal*, 46 AD3d 425 [1st Dept 2007]). If the administrative determination has a rational basis, there can be no judicial interference (*Matter of Pell*, *supra* at 231-232).

As the agency charged with administration of the Rent Stabilization Law, DHCR "has broad discretion in evaluating pertinent factual data and determining the inferences to draw from it" (*Hawthorne Gardens, LLC v New York State Div. of Hous. & Community Renewal*, 4 AD3d 135 [1st Dept 2004]). As such, DHCR is entitled to deference as to issues of credibility and the weight of evidence (*Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal*, 75 NY2d 206, 213 [1989]; *see Jane St. Co. v New York State Div. of Hous. & Community Renewal*, 165 AD2d 758 [1st Dept 1990]). On review of the parties' submissions, the Court finds that petitioner has not demonstrated that the Challenged Order lacked a rational basis in the record or was arbitrary and capricious.

Petitioner's first contention is that the Owner created additional apartments and therefore additional rooms at the Premises. Both the 2020 PAR Order and the Challenged Order found that the evidence presented by petitioner was insufficient to establish that the apartments have been altered, and nothing in the record before the Court indicates that the DHCR's conclusions are "without sound basis in reason and in disregard of . . . the facts" (*see Matter of Century Operating Corp. v Popolizio*, 60 NY2d 483, 488 [1983], citing *Matter of Pell*, *supra* at 231). Accordingly, this Court may not disturb the agency's assessment of the evidence before it (*see Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal*, 75 NY2d 206, 213 [1989]).

154859/2023 10 WEST 65TH STREET TENANTS ASSOCIATION v NEW YORK STATE DIVISION OF HOUSING AND COMMMUNITY RENEWAL et al
Motion No. 001

Page 4 of 6

4 of 6

Second, petitioner argues that Owner should be precluded from seeking an MCI rent increase based on the intercom installation by the prior Modification Order. 9 NYCRR 2522.4(f) provides that an owner may apply to modify or substitute required services at no change to legal rent on the grounds that such modification is consented to, is required for the operation of the building in accordance with the law, or is not inconsistent with the RSL or the New York City Administrative Code. Pursuant to this provision, no such modification or substitution may take place prior to receiving approval for such by DHCR (*id.*). However, nothing in the provision nor in any authority provided by petitioner precludes an owner from subsequently seeking an MCI rent increase for such modification or substitution so long as the work otherwise satisfies the requirements for an MCI.

To the extent that petitioner contends that DHCR erroneously found that the installation of the security and intercom systems meet MCI requirements, the Court again defers to the credibility and factual determinations made by DHCR as set forth in the Challenged Order, as nothing in the record before the Court demonstrates that the conclusions therein had no rational basis in fact or law, particularly where the security and intercom systems concededly monitored all entrances and exits to the Premises and therefore were to be utilized by all residents.

Petitioner's final argument that the MCI rent increases should be precluded based upon allegedly false statements made in DOB filings in unavailing, as petitioner's recourse regarding such allegations lies with that agency. This Court cannot find that DHCR's determination that it lacked jurisdiction to make findings on the propriety of filings made with another agency was arbitrary and capricious or lacked rational basis.

**154859/2023 10 WEST 65TH STREET TENANTS ASSOCIATION v NEW YORK STATE DIVISION OF**     Page 5 of 6
**HOUSING AND COMMMUNITY RENEWAL et al**
**Motion No. 001**

[* 5]                                              5 of 6

*Conclusion*

Based on the foregoing, the Court finds that petitioner has not met its burden to show that the Challenged Order was arbitrary and capricious nor that it lacked a rational basis in fact or law. Accordingly, it is hereby:

**ORDERED and ADJUDGED** that the petition is denied and this proceeding is dismissed; and it is further

**ORDERED** that respondents shall serve a copy of this order upon petitioner and upon the Clerk of the General Clerk's Office with notice of entry within twenty days thereof; and it is further

**ORDERED** that such service upon the Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and county Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

**ORDERED** that any requested relief not expressly addressed herein has been considered and is denied.

This constitutes the decision and order of the Court.

| 01/02/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **SHAHABUDDEEN ABID ALLY, A.J.S.C.** | |
| CHECK ONE: | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**154859/2023 10 WEST 65TH STREET TENANTS ASSOCIATION v NEW YORK STATE DIVISION OF HOUSING AND COMMMUNITY RENEWAL et al**
**Motion No. 001**

Page 6 of 6

6 of 6

[* 6]