## Matter of West 147th St. Equities LLC v New York State Div. of Hous. & Community Renewal

2024 NY Slip Op 31099(U)

March 29, 2024

Supreme Court, New York County

Docket Number: Index No. 159839/2023

Judge: Shahabuddeen Abid Ally

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. SHAHABUDDEEN ABID ALLY**     PART       **16TR**

                                                  *Justice*

-----------------------------------------------------------------------X

In the Matter of the Application of

WEST 147TH STREET EQUITIES LLC,

                            Petitioner,

                   - v -

NEW YORK STATE DIVISION OF HOUSING AND
COMMUNITY RENEWAL,

                          Respondent.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 159839/2023 |
| **MOTION DATE** | 08/23/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1-21
were read on this motion to/for            ARTICLE 78 (BODY OR OFFICER)    .

Petitioner brings this Article 78 proceeding seeking annulment of the final administrative

order issued by respondent DHCR on August 8, 2023 ("Challenged Order"), which found that

petitioner owner had collected excess rent from its tenant and imposed treble damages based

upon petitioner's failure to establish that the overcharge was not willful. Respondent opposes.

Upon the above cited papers, the petition is denied.

## *Background*

The undisputed facts are as follows: Petitioner is the owner and landlord of the building

known as and located at 522 West 147th Street (the "Building"), which includes apartment 34

(the "Apartment"). Respondent DHCR is the agency charged with the administration and

enforcement of the relevant laws and regulations.

On or about April 27, 2017, Jennifer Orellano ("Tenant"), who resided at the Apartment,

filed an overcharge complaint with DHCR, alleging that the Apartment had been illegally

deregulated and her rent improperly increased in 2015. DHCR sent inquiry to petitioner, who responded that the Apartment had been exempted from regulation prior to the Tenant's occupancy. On or about February 11, 2020, DHCR notified petitioner that a prior DHCR order under docket TI410111R ("Prior Order") had determined that the legal regulated rent for the Apartment on May 1, 2006 was $537.00. Upon petitioner's reiteration that the Apartment had been deregulated, DHCR again requested documents to substantiate the claim.

In an order issued May 22, 2023 ("RA Order"), the Rent Administrator found that a rent overcharge occurred subsequent to April 27, 2013 (the base date for the overcharge proceeding) and imposed treble damages on the ground the petitioner did not establish that the overcharge was not willful (Petition, exhibit B). The RA Order further directed petitioner to roll back the rent to the legal regulated rent and to refund the excess rent paid (*id.*). Petitioner's total liability was fixed at $261,960.60 (*id.*).

Petitioner then filed a Petition for Administrative Review ("PAR"), contending that the RA Order erroneously considered an overcharge order outside the four-year lookback period in contravention of the Court of Appeals' decision in *Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal*, 35 NY3d 332 [2020]). The PAR was denied in the Challenged Order (Petition, exhibit A). In the Challenged Order, the Deputy Commissioner found that both petitioner and the former owner of the Building had an obligation to set the legal regulated rent in accordance with the 2006 Order notwithstanding that more than four years passed since the 2006 Order was issued (*id.*). The Challenged Order affirmed the RA Order in its entirety (*id.*).

Petitioner thereafter commenced the instant petition.

**159839/2023 WEST 147ᵀᴴ STREET EQUITIES, LLC v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No. 001**

**Page 2 of 5**

[* 2]

2 of 11

## Discussion

In the context of an Article 78 proceeding. the court's function is to evaluate whether, upon the facts before an administrative agency, that agency's determination had a rational basis in the record or was arbitrary and capricious (CPLR § 7803[3]; *see, e.g. Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]; *Matter of E.G.A. Assoc. v New York State Div. of Hous. & Community Renewal*, 232 AD2d 302 [1st Dept 1996]). The administrative determination will only be found arbitrary and capricious if it is "without sound basis in reason, and in disregard of . . . the facts" (*see Matter of Century Operating Corp. v Popolizio*, 60 NY2d 483, 488 [1983], citing *Matter of Pell, supra* at 231). A reviewing court may not substitute its own judgment for that of the agency making the determination (*see Partnership 92 LP v New York State Div. of Hous. & Community Renewal*, 46 AD3d 425 [1st Dept 2007]). If the administrative determination has a rational basis, there can be no judicial interference (*Matter of Pell, supra* at 231-232).

On review of the parties' submissions, the Court finds that petitioner has not demonstrated that the Challenged order lacked a rational basis in the record or was arbitrary and capricious. The Challenged Order relied in part on the decision of the Supreme Court. Kings County in *Renaissance Equity Holdings, LLC v New York State Div. of Hous. & Community Renewal* (2022 WL 1100982 [Sup Ct. Kings County 2022]), wherein the court extended to the Court of Appeals decision in *Cintron v Calogero* (15 NY3d 347 [2010] [holding that DHCR may consider a rent reduction order issued outside the four-year lookback period as part of reviewable rental history]) to a prior overcharge order issued by DHCR. Such reliance was not arbitrary and capricious, as the case remains good law and reasonably extends *Cintron* to include prior DHCR

orders based upon the reasoning set forth in the relevant footnote in *Regina* (*see Regina*, 35 NY3d at n. 6). The Prior Order, as with the overcharge order in *Renaissance* and the rent reduction order in *Cintron*, imposed a continuing obligation on the petitioner which remained in effect through the lookback period. Nothing in *Regina* compels the interpretation that *Cintron* applies only to rent reduction orders and not to other orders of which DHCR can be held to take notice (*id.*).

Further, the determination made in the Challenged Order had a rational basis in the record. As the agency charged with administration of the Rent Stabilization Law, DHCR "has broad discretion in evaluating pertinent factual data and determining the inferences to draw from it" (*Hawthorne Gardens, LLC v New York State Div. of Hous. & Community Renewal*, 4 AD3d 135 [1st Dept 2004]). As such, DHCR is entitled to deference as to issues of credibility and the weight of evidence (*Matter of Ansonia Residents Assn.*, 75 NY2d 206, 213 [1989]; *see Jane St. Co. v New York State Div. of Hous. & Community Renewal*, 165 AD2d 758 [1st Dept 1990]).

Here, the evidence in the record supports DHCR's finding that petitioner failed to meet its burden to establish that the Apartment was properly deregulated prior to the Tenant's occupancy. The Deputy Commissioner reasonably concluded based on the documents submitted that, based upon the Prior Order, the legal rent had not reached the level of the deregulation threshold as of May 1, 2013. Further, the Deputy Commissioner reasonably found that petitioner's contention that it did not receive rental records before purchasing the building and had no knowledge of any overcharge was not sufficient to establish by a preponderance of the evidence that the overcharges were not willful. Accordingly, the imposition of treble damages had a rational basis (*see Matter of 125 St. James Place LLC v New York State Div. of Hous. & Community Renewal*, 158 AD3d 417 [1st Dept 2018]; Rent Stabilization Law § 26-516[a]).

**159839/2023 WEST 147TH STREET EQUITIES, LLC v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No. 001**

**Page 4 of 5**

[* 4]

4 of 11

Based on the foregoing, the Court finds that petitioner has not met its burden to show that the Challenged Order was arbitrary and capricious nor that it lacked a rational basis in fact or law. Accordingly, it is hereby:

**ORDERED and ADJUDGED** that the petition is denied and this proceeding is dismissed; and it is further

**ORDERED** that petitioner shall serve a copy of this order upon respondent and upon the Clerk of the General Clerk's Office with notice of entry within twenty days thereof; and it is further

**ORDERED** that such service upon the Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and county Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

**ORDERED** that any requested relief not expressly addressed herein has been considered and is denied.

This constitutes the decision and order of the Court.

| 03/29/2024 | | | | | | | |
|---|---|---|---|---|---|---|---|
| **DATE** | | | | SHAHABUDDEEN ABID ALLY, A.J.S.C. | | | |
| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**159839/2023 WEST 147TH STREET EQUITIES, LLC v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL**
Motion No. 001

**Page 5 of 5**

5 of 11