| JM Revocable Trust v State of N.Y., Div. of Hous.& Community Renewal |
|---|
| 2025 NY Slip Op 30455(U) |
| February 3, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160835/2023 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    <u>HON. ARLENE P. BLUTH</u>                    PART                    14
                                                 *Justice*

-------------------------------------------------------------------------------X

JM REVOCABLE TRUST, JOHN MOORES AS TRUSTEE,

|  |  |
|---|---|
| INDEX NO. | 160835/2023 |
| MOTION DATE | 01/30/2025 |
| MOTION SEQ. NO. | 001 |

Petitioners,

- v -

STATE OF NEW YORK, DIVISION OF HOUSING AND
COMMUNITY RENEWAL,

Respondent.                    **DECISION + ORDER ON
MOTION**

Klara Vician

Respondent.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68

were read on this motion to/for                    <u>ARTICLE 78</u>                    .


The petition to annul a determination by respondent State of New York Division of

Housing and Community Renewal ("DHCR"), which denied petitioner's demolition application,

is denied.

**Background**

Petitioners own a building in Manhattan and filed an application in January 2021 with

DHCR seeking permission not to renew the rent stabilized lease of the sole remaining tenant in

the building. Respondent Klara Vician (the "tenant") lives in the building.  Petitioners contend

that they planned to demolish the building, do a gut renovation including replacing the roof and

all internal building systems.

**160835/2023   JM REVOCABLE TRUST ET AL vs. STATE OF NEW YORK, DIVISION OF HOUSING          Page 1 of 8
AND COMMUNITY RENEWAL**
**Motion No.  001**

1 of 8

The Rent Administrator ("RA") issued an initial denial of petitioners' application in a decision dated December 9, 2022 (NYSCEF Doc. No. 14). The determination observed that "the owner has not submitted the building profile and adequate proof of financial ability as requested on February 4, 2022 and April 22, 2022" (*id*). The RA noted that "The removal of roof is not included in the approved plans to meet the criteria for demolition under section 2524.5(a)(2) of the Rent Stabilization Code" (*id*.).

Petitioners claim that they did not receive certain notices (including responses by the tenant) but insist they did receive an April 2022 final notice to which they submitted documentation including an affidavit from an architect. After the RA's determination, petitioners then pursued a petition for administrative review ("PAR"). DHCR denied the PAR in a decision dated September 3, 2023 (NYSCEF Doc. No. 13).  This Article 78 followed.

DHCR emphasizes that in order for a project to qualify as a demolition, "one needs to be able to see the sky" (*id*. at 3). It added that "as conceded by the owner, the DOB approved plans do not show that any portion of the roof of the subject building will be demolished. Although the affidavits of the architect and of the owner indicate that the roof will be demolished, this does not satisfy the requirements of OB 2009-1, which specifically requires that there be a sufficient plan, approved by an appropriate government agency, indicating that the required work, including the roof work, is to be performed. Again, it is emphasized that the owner has conceded that the DOB approved plans do not include the required roof work. Further, the proposal for the renovation work from the general contractor does not mention that the roof of the subject building is part of the demolition work" (*id*.).

DHCR also found that the RA's determination regarding financial ability was reasonable. It noted that although a stock brokerage statement was included, there was no commitment letter,

**160835/2023   JM REVOCABLE TRUST ET AL vs. STATE OF NEW YORK, DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

**Page 2 of 8**

2 of 8

[* 2]

letter of intent or other evidence from a financial institution holding the funds to constitute adequate evidence. As DHCR emphasized "It is not the existence of funds alone that meets the requirements for proof of financial ability to complete the demolition under OB 2009-1, but, rather, it is the existence of funds that have been segregated and committed to the demolition that will meet these requirements (*id*. at 4).

Petitioners contend that the PAR should be annulled because they did not realize that the roof issue would be dispositive. They claim that had they "realized that the demolition plans did not provide for it, petitioners and their architect would have filed and obtained approval for amended/corrected plans providing for this work to be done" (NYSCEF Doc. No. 1, ¶ 47). Petitioners emphasize that they submitted documentation showing over $28 million in the brokerage account. They blame DHCR for not sending the February 2022 and April 2022 notices.

The tenant files opposition and emphasizes that the DOB approved plans did not include any roof work on the submit building and so these plans did not meet the definition of a demolition sufficient to permit petitioners to not renew her lease. She includes a copy of two applications submitted (NYSCEF Doc. Nos. 24 and 25) by petitioner that expressly *did not* select the "full demolition" box under job type. Instead, boxes for alterations were selected (*id*.).

DHCR contends that its determination denying petitioners' PAR was rational. It emphasizes that in 2009, it issued Operational Bulletin 2009-1 that set out procedures relating to demolition and the right to not renew leases. It provides, in pertinent part, that "No demolition application will be accepted by DHCR unless the owner has submitted proof to the DHCR of financial ability to complete such undertaking, and plans for the undertaking have been approved by the appropriate governmental agency" (NYSCEF Doc. No. 38 at 1-2).

**160835/2023    JM REVOCABLE TRUST ET AL vs. STATE OF NEW YORK, DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

**Page 3 of 8**

[* 3]

3 of 8

DHCR emphasizes that it is within its discretion to assess financial ability to pursue such a project and that simply submitting a financial statement is not sufficient. It argues that the affidavit from the Trustee, Mr. Moores, which states that the subject brokerage account was set up for the general operating expenses of the building contradicts the owner's claim that the account was for the demolition project. DHCR also reiterates that demolition includes removal of the roof and the plans approved by DOB did not include such work.

With respect to the notices, DHCR argues that the RA sent both the relevant notices and the tenant's submissions to the address registered with DHCR (*see* NYSCEF Doc. No. 39 [copy of a notice from 2021]). DHCR also contends that the February 2022 and April 2022 notices expressly mentioned the fact that a demolition requires the project to include the roof's removal (NYSCEF Doc. Nos. 40, 41).

In reply, petitioners complain that DCHR sent certain notices to petitioners' managing agent rather than the law firm representing petitioners. They argue that the various submissions show that it is petitioners' intention to remove the roof and that the failure to indicate as such was simply an oversight. They insist that the money in the subject account far exceeds the amount required to do the demolition work and so DHCR's finding regarding financial ability is irrational.

Both the tenant and petitioners filed sur-replies. The tenant insists that petitioners admit they received the April 2022 notice that specifically cited the demolition issue and so petitioners had ample opportunity to address this issue before the RA. Petitioners insist, again, that they did not receive proper notices so they could address the concerns raised first by the RA and then DHCR.

**160835/2023    JM REVOCABLE TRUST ET AL vs. STATE OF NEW YORK, DIVISION OF HOUSING     Page 4 of 8**
**AND COMMUNITY RENEWAL**
**Motion No.  001**

4 of 8

[* 4]

**Discussion**

In assessing whether to annul a PAR, this Court must consider whether "the PAR had a rational basis and was neither arbitrary nor capricious" (*Marisol Realty Corp. v New York State Div. of Hous. and Community Renewal*, 154 AD3d 463, 463 [1st Dept 2017]).

This Court's first consideration is the issue of demolition and petitioners' claims about receipt of relevant notices. In the petition, petitioners contend that they received a final notice dated April 22, 2022 but did not receive a February 4, 2022 or an April 22, 2022 notice other than the final notice (NYSCEF Doc. No. 1, ¶ 23). Petitioners cite to their exhibit B for the final notice but, for some reason, did not include a pin cite to this exhibit, which spans 333 pages. The only "final notice" the Court found in these 333 pages is what appears to be the relevant April 22, 2022 final notice (NYSCEF Doc. No. 4 at 5 of 333, [exh B]).

This final notice stated, among other things, that "For your information, a filing under "demolition" requires that the proposed project, at a minimum, include the complete gutting of **all interior space in the building from the ground floor and above, including the removal of the building's roofs and of all internal building systems.** It need not include the removal of the outer walls and structural supports of the building. However, **after the deconstruction part of the project is completed, one needs to be able to "see the sky" if standing on the ground floor**" (NYSCEF Doc. No. 4 at 146 of 333 [bold in the original]).

The second page of the notice asks petitioners to submit an affidavit from a licensed architect that addresses how the project meets the definition of demolition and "That the architectural plans submitted are for the demolition of the building and the construction of a new building that has been approved by the DOB" (*id*. at 147 of 333).

**160835/2023   JM REVOCABLE TRUST ET AL vs. STATE OF NEW YORK, DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No. 001**

**Page 5 of 8**

[* 5]

5 of 8

Petitioners argue in the petition that this final notice "did not say anything about the demolition plans not providing for complete roof removal" (NYSCEF Doc. No. 1, ¶ 24). But the final notice (which petitioners admit they received) included a direct recitation of the definition of demolition in bold and asked for submissions about the issue. On this record, the Court finds that the decisions by both the RA and the DHCR were rational. There is no dispute that the initial plans submitted by petitioners did not check the box marked "full demolition" (NYSCEF Doc. Nos. 24 and 25). And petitioners even admit in reply that the failure to indicate roof removal was "an oversight" (NYSCEF Doc. No. 49, ¶ 2).

In an Article 78 proceeding, it is not this Court's role to second guess an agency's determination or reach its own determination based on the evidence presented to the agency. Rather, this Court can only assess whether or not the agency's action was rational. On the demolition issue, DHCR's determination was absolutely rational. As DHCR noted in its denial of petitioners' PAR, petitioners conceded that the DOB-approved plans did not meet the relevant definition of a demolition. The applicable law is clear that there needed to be a demolition in order to grant petitioners' application (*see 118 Duane LLC v New York State Div. of Hous. and Community Renewal,* 212 AD3d 401, 401, 179 NYS3d 567 [1st Dept 2023] [noting that an agency is entitled to deference concerning a determination that a building owner's proposal did not constitute demolition]). Here it was rational for the DHCR to conclude it did not meet the definition of demolition especially because petitioner did seek a demolition before DOB.

Moreover, the portion of the decision regarding financial ability was also rational. The Court observes that the April 22, 2022 final notice specifically asked for "A commitment letter from a financial institution. And/OR A bank statement showing a segregated bank account of sufficient size to complete the project" (NYSCEF Doc. No. 4 at 147 of 333). DHCR was entitled

**160835/2023   JM REVOCABLE TRUST ET AL vs. STATE OF NEW YORK, DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

**Page 6 of 8**

6 of 8

[* 6]

to find that simply submitting a brokerage statement, standing alone, was not sufficient to demonstrate that petitioners had the financial ability to do the work (*118 Duane LLC*, 212 AD3d at 402).

In its decision denying the petitioners' PAR, DHCR noted that "The owner's submission of the Asset Preservation Strategies letter is not a Letter of Intent or a Commitment Letter from a financial institution, as is required by OB 2009-1, and as was specifically requested from the owner by the RA in its February 4, 2022 Request For Additional Information/Evidence and the April 22, 2022 Final Notice Request For Additional Information/Evidence to the owner" (NYSCEF Doc. No. 13 at 4). DHCR was entitled to find that although petitioners clearly have ample funds, that does not compel a finding that those funds are available for the demolition work at issue. In other words, it is not sufficient just to have funding—those funds have to be segregated and committed to the demolition, which can be evidenced by "a Letter of Intent or a Commitment Letter from a financial institution, or such other evidence as DHCR may deem appropriate under the circumstances" (NYSCEF Doc. No. 38 at 2 [Operational Bulletin 2009-1]). DHCR was entitled to find that petitioners did not meet their burden on this issue.

**Summary**

As this Court made clear above, the applicable Article 78 standards do not permit this Court to review this application *de novo*. This Court must instead consider whether DHCR had a rational basis for denying petitioners' application. On this record, DHCR rationally cited the fact that the project's plans were not a demolition under the applicable definition nor did DCHR believe that the funding was properly segregated. Based on the plans on file at the DOB, which did not indicate it was a demolition, and the financial records submitted, which showed a lot of

**160835/2023  JM REVOCABLE TRUST ET AL vs. STATE OF NEW YORK, DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

**Page 7 of 8**

[* 7]

7 of 8

money but not that it was sufficiently earmarked and committed to this project, the challenged

decision was rational.

Accordingly, it is hereby

ADJUDGED that application is denied and the petition is dismissed, with costs and

disbursements to respondents as taxed by the Clerk upon presentation of proper papers therefor.

| 2/3/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**160835/2023   JM REVOCABLE TRUST ET AL vs. STATE OF NEW YORK, DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

**Page 8 of 8**

[* 8]